## UNITED STATES v. ARZNER.

No. 191. Argued December 13, 1932.—Decided January 9, 1933.

Mr. *Paul D. Miller*, with whom *Solicitor General Thacher, Assistant Attorney General St. Lewis*, and *Mr. W. Clifton Stone* were on the brief, for the United States.

Mr. *Samuel H. Williams*, with whom *Mr. Stephen F. Chadwick* was on the brief, for respondent.

Mr. Justice McReynolds delivered the opinion of the Court.

Respondent Arzner enlisted in the Army March 29, 1918, and was discharged January 16, 1919. While in the service he took out a war-risk insurance policy for $10,000 on which premiums were paid through January, 1919. The policy lapsed; but March 1, 1920, it was reinstated and then converted into an ordinary life policy. Premiums upon the latter were paid through February, 1921. The respondent then gave up $5,000 of it and received the cash surrender value—$45.00; he surrendered the remaining $5,000 in December, 1921, and accepted the cash value—$18.30.

March 5, 1929, he began this proceeding in the United States District Court. He alleged total disability, resulting from injuries received in battle, commencing in 1918, and sought recovery under his original war-risk insurance policy of 1918—$57.50 per month.

Upon properly framed issues the cause went to trial in June, 1931. The jury found respondent's total and permanent disability commenced September 29, 1918, and returned a verdict in his favor. An appropriate judgment

followed; the Circuit Court of Appeals, Ninth Circuit affirmed.

Because of conflicting views in the Circuit Courts of Appeals we granted certiorari.

Here, it is said that the court below erred in holding that respondent was entitled to recover upon his original policy since at the time final judgment went down he could not surrender the converted policy as required by § 307, Amended World War Veterans' Act 1924; c. 320, 43 Stat. 607, 627; Act July 3, 1930, c. 849, 46 Stat. 991, 1001. The facts are not in dispute.

Prior to July, 1930, federal courts held divergent views concerning the rights of veterans whose original term insurance policies had lapsed and thereafter had been reinstated or converted into some other form. *Stevens* v. *United States,* 29 F. (2d) 904; *United States* v. *Buzard,* 33 F. (2d) 883; *United States* v. *Kusnierz,* 33 F. (2d) 887; *United States* v. *Cross,* 33 F. (2d) 887; *United States* v. *Allen,* 33 F. (2d) 888. *United States* v. *Barker,* 36 F. (2d) 556; *Duggan* v. *United States,* 36 F. (2d) 804; *Franks* v. *United States,* 43 F. (2d) 455. *United States* v. *Golden,* 34 F. (2d) 367; *United States* v. *Acker,* 35 F. (2d) 646; *United States* v. *Schweppe,* 38 F. (2d) 595; *Woolfolk* v. *United States,* 44 F. (2d) 701; *Crawford* v. *United States,* 40 F. (2d) 199; *United States* v. *Andrews,* 43 F. (2d) 80.

With the evident purpose to accord liberal treatment to those veterans who at any time had become entitled to receive benefits under any insurance policy, Congress by the Act of July 3, 1930, amended World War Veterans' Act, *supra,* so as to read—

"All contracts or policies of insurance heretofore or hereafter issued, reinstated, or converted shall be incontestable from the date of issuance, reinstatement, or conversion, except for fraud, nonpayment of premiums, or on the ground that the applicant was not a member of the military or naval forces of the United States, and subject to

the provisions of section 23; *Provided,* That the insured under such contract or policy may, without prejudicing his rights, elect to make claim to the bureau or to bring suit under section 19 of this Act on any prior contract or policy, and if found entitled thereto, shall, upon surrender of any subsequent contract or policy, be entitled to payments under the prior contract or policy; *Provided further,* That this section shall be deemed to be effective as of April 6, 1917, and applicable from that date to all contracts or policies of insurance."

When the trial court rendered final judgment respondent had given up his converted policy and therefore could not surrender it again. For petitioner it is said, that being unable to comply with the literal terms of the 1930 amendment he could not recover under the original (1918) policy. Also—" The Government, of course, does not question the right of a veteran who has converted his term insurance to sue on his prior policy, even if he has allowed the converted policy to lapse, provided he surrenders the converted policy." The suggested construction of the statute is too narrow. It would deprive veterans of a right which we think Congress intended to confer. The probable reason for requiring surrender of the subsequent contract or policy was to prevent any further claim and thus silence controversy.

Undoubtedly, respondent became entitled in September, 1918, during the life of his original policy, to the benefits therein provided. And we think Congress by the Act of 1930 intended to permit him to assert the right which then accrued. To deprive him of this simply because he could not actually surrender a writing already delivered to the United States would defeat the generous purpose behind the enactment.

True it is, respondent agreed to cancellation of his converted policy and accepted the surrender value—a portion of the money paid by him for premiums there-

on. But this action worked no material disadvantage to the Government. Indeed the veteran made payments when in fact entitled to receive monthly benefits for total disability. ·If the converted policy had been allowed finally to lapse because of nonpayment of premiums, the agreement between the parties would have been fully complied with. Nevertheless the proper admission is that under such circumstances there could have been a recovery on the original policy, upon actual surrender of the expired policy. The Government now has possession of the cancelled converted policy and is in ·no worse position than it would be in the supposed circumstances.

*Affirmed.*