518

## UNITED STATES v. GARDER.*
### No. 9762.

Circuit Court of Appeals, Eighth Circuit.
July 26, 1934.

Thomas E. Walsh, Atty., Department of Justice, of Washington, D. C. (Will G. Beardslee, Sp. Asst. to Atty. Gen., William L. Vandeventer, U. S. Atty., of Springfield, Mo., and George H. Hubbell, Asst. U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Harry L. Thomas, of Kansas City, Mo. (Thomas & Thomas, of Carrollton, Mo., on the brief), for appellees.

Before GARDNER and WOODROUGH, Circuit Judges, and MARTINEAU, District Judge.

*Rehearing denied Oct. 17, 1934.

MARTINEAU, District Judge.

Appellees brought this suit to recover the proceeds of a war risk insurance certificate issued to Lloyd S. Garder, alleging total and permanent disability November 1, 1918, by reason of pulmonary tuberculosis and other ailments.

At the trial the government admitted that the insured was a soldier in the World War; that on July 19, 1918, the day after he entered the service, a war risk insurance certificate in the amount of $10,000 was issued to him; that he was discharged November 22, 1918; that the insurance was kept in force by payment of premiums until December 31, 1918; and that the insured died January 13, 1929. The government denied that he was totally and permanently disabled on or before November 1, 1918, and upon that question issue was joined. At the close of the testimony the government moved for a directed verdict, which motion was denied. The case was submitted to the jury and a verdict was returned in favor of plaintiffs.

■ From this verdict and judgment the government has appealed, contending: First, that the cause of action was barred by Act of May 29, 1928 (section 1 [45 Stat. 964]); second, that the court committed error in instructing the jury relative to certain presumptions of soundness when insured entered the service, and as to the service origin of active tuberculosis shown to exist prior to January 1, 1925, and that there was no substantial evidence upon which the case could be submitted to the jury.

On March 31, 1931, plaintiffs duly made demand upon the defendant for the payment of insurance benefits, and on December 4, 1931, payment was refused; a period of eight months and seven days intervening. Suit was filed February 20, 1932. The government contends that at that time the suit was barred by Act of May 29, 1928.

This court in the recent case of Baille v. United States, 70 F.(2d) 527, held against this contention of the government, holding that under Act of July 3, 1930 (section 4, amending World War Veterans' Act 1924, § 19, as amended [38 USCA § 445]), suits of this class might be brought within a year from that time and the period elapsing between the filing in the Bureau of the claim sued upon and its denial. Two months and sixteen days after disagreement this suit was filed and was clearly within the limitation period. United States v. Arzner, 287 U. S. 470, 53 S. Ct. 238, 77 L. Ed. 436.

■ The trial court instructed the jury that there was a presumption of soundness at enlistment and that active tuberculosis found to exist prior to January 1, 1925, originated in the military service. This the government contends was prejudicial error.

As to the instruction that the insured was presumed to be in sound health at his enlistment there was no prejudice, because the undisputed evidence showed that at that time he was in sound health.

■ The record shows a very different situation as to the presumption of the service origin for active tuberculosis found to exist prior to January 1, 1925. This instruction was clearly erroneous, but plaintiffs contend that under the facts in this case the error could not have been prejudicial.

If plaintiffs are entitled to recover, it must be upon a showing that the insured had pulmonary tuberculosis in an active form on November 1, 1918, and that its continuance until his death on January 13, 1929, rendered him totally and permanently disabled within the terms of his war risk insurance certificate.

While the proof shows that he had other ailments, it does not show that any one of them or all combined rendered him totally and permanently disabled. Active pulmonary tuberculosis then is the basis for plaintiffs' claim of total disability as of the critical date of November 1, 1918. There is no direct proof in the record that he was so afflicted at that time. No doctor who examined him so testified. His discharge papers do not show that he had tuberculosis. His work record shows that after his discharge he resumed his pre-war occupation of salesman and earned substantial sums, at least up to 1925. The lay testimony does not show total and permanent disability during the life of his policy. There, however, is medical testimony to show that he had tuberculosis between November 1, 1918, and January 1, 1925. An instruction, then, that if he had the disease prior to the latter date it was conclusively presumed to be of service origin, supplied the missing link and enabled the jury to find for plaintiffs on the ground that a showing that the insured had tuberculosis prior to January 1, 1925, conclusively shows without other evidence that he had it on November 1, 1918.

A sharp issue was made as to the date of the origin of the disease. Since the testimony did not show conclusively that it existed on November 1, 1918, the presumptive instruction was clearly erroneous and preju-

dicial. United States v. Searls (C. C. A.) 49 F.(2d) 224.

Inasmuch as plaintiffs challenge our right to review the sufficiency of the evidence, because the bill of exception does not affirmatively show that it includes all of the evidence, we do not pass upon that question, as it will not necessarily arise in a retrial of the case.

Reversed and remanded.