## UNITED STATES *v.* MADIGAN.

No. 562.   Argued March 10, 1937.—Decided March 29, 1937.

*Mr. Wilbur C. Pickett,* with whom *Solicitor General Reed* and *Messrs. Julius C. Martin, Fendall Marbury,* and

*W. Marvin Smith* were on the brief, for the United States.

*Mr. Jordan R. Bentley* argued the cause and *Mr. David Spaulding* filed a brief for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

Respondent brought this suit in the District Court for Southern California to recover total permanent disability benefits under a contract of war risk term insurance. While in the military service of the United States in the World War, he acquired a term policy of war risk insurance. On November 1, 1919, availing himself of the benefits of § 404 of the War Risk Insurance Act of October 6, 1917, c. 105, 40 Stat. 398, 410, he converted his term insurance into a twenty-payment life policy of United States Government insurance. He paid premiums on this policy until January 31, 1920, when it was allowed to lapse for non-payment of premiums. On the date of the conversion of his first policy, he was suffering from a "compensable disability," and, after the lapse of the second, on June 6, 1925, he was rated by the Veterans' Bureau as totally and permanently disabled. At that time he was entitled to disability compensation from the Government in the sum of $312.25.

On the trial in the district court a jury was waived and the case was heard on an agreed statement of facts. The court gave judgment for the respondent for permanent disability benefits under his first policy, with respect to so much of the insurance as the $312.25 of disability compensation, remaining uncollected at the time of total permanent disability, would have purchased if applied to the payment of premiums due upon the original policy between the date of its conversion and the date of total disability. The Court of Appeals for the Ninth Circuit affirmed, 85 F. (2d) 609, holding that respondent was en-

titled, under §§ 305, 307 of the World War Veterans' Act, to revive the original term insurance and to recover under it the permanent disability benefits awarded by the trial court. We granted certiorari because of the importance of the decision of the Court of Appeals, which conflicts with the consistent rulings of the Administrator of Veterans' Affairs, and affects, adversely to the Government, a large number of pending insurance claims.

Section 305 of the World War Veterans' Act of June 7, 1924, c. 320, 43 Stat. 624, 626, as amended July 2, 1926, c. 723, 44 Stat. 790, 799, 38 U. S. C. § 516, applies to lapsed, cancelled or reduced insurance policies. It provides:

"Where any person has heretofore allowed his insurance to lapse, or has canceled or reduced all or any part of such insurance, while suffering from a compensable disability for which compensation was not collected and dies or has died, or becomes or has become permanently and totally disabled and at the time of such death or permanent total disability was or is entitled to compensation remaining uncollected, then and in that event so much of his insurance as said uncollected compensation, . . . would purchase if applied as premiums when due, shall not be considered as lapsed, canceled or reduced; and the United States Veterans' Bureau is hereby authorized and directed to pay to said soldier, or his beneficiaries, as the case may be, the amount of said insurance . . ."

Section 307, as amended July 3, 1930, 46 Stat. 991, 1001, 38 U. S. C. § 518, relates to all insurance policies "heretofore or hereafter issued, reinstated or converted." It declares that all such policies shall be incontestable and provides:

"That the insured under such contract or policy may, without prejudicing his rights, elect to make claim to the bureau or to bring suit under section 19 of this Act on

any prior contract or policy, and if found entitled thereto, shall, upon surrender of any subsequent contract or policy, be entitled to payments under the prior contract or policy . . ."

Respondent elected to claim under his original policy, presumably because the rate of premiums for the term insurance was lower than for the twenty-payment life policy, and the $312.25 of disability compensation would purchase a larger amount of the former type than of the latter. The Government admits that the respondent is entitled, under § 305, to revive the twenty-payment life policy which has lapsed, but contends that he is not entitled to revive the earlier term insurance which he had converted, because § 305 omits any reference to converted insurance, such as appears in § 307.

All war risk policies were required to be for term insurance by § 404 of the War Risk Insurance Act, but that section permitted conversion of the insurance into other forms, after termination of the war. When Congress desired to legislate about one form of insurance thus changed into another, it explicitly used the descriptive term "converted." [1] The omission of any reference to converted insurance in § 305 indicates that the privilege of reviving a lapsed, cancelled or reduced policy, was not intended to extend to an earlier policy converted into another, whose lapse is the condition of the revival. Such must be taken to be the meaning if it is consistent with the purposes of the section, disclosed by its legislative history and with the provisions of other sections.

---

[1] See World War Veterans' Act, 1924, § 307, as amended July 3, 1930, 46 Stat. 991, 1001, 38 U. S. C. § 518. Compare World War Veterans' Act, 1924, § 310, 45 Stat. 970, 38 U. S. C. § 512 a; § 311, 45 Stat. 970, 38 U. S. C. § 512 b; § 302, 43 Stat. 625, 38 U. S. C. § 513; § 308, 44 Stat. 790, 800, 38 U. S. C. § 516 a, for legislation applying the term "converted" to the subsequent, United States Government life insurance.

The legislative history supports the government's argument that from the beginning the aim of the legislation later embodied in § 305 was to permit the veteran to revive his policy when he had allowed it to lapse, for want of funds, at a time when there was money due him from the government for a compensable disability. The supposition was that he would have paid the premiums on the lapsed policy if he had then received the sum due from the government—a supposition which is inadmissible if, at that time, he had converted low premium term insurance into any of the other forms of insurance commanding a higher premium, as permitted by § 404.

In its original form, § 305 appeared as a part of § 408 of the War Risk Insurance Act, added by the Act of August 9, 1921, § 27, c. 57, 42 Stat. 147, 156–157. The bill which became § 408, as originally reported by the House Committee, provided for the reinstatement by disabled veterans of their lapsed and cancelled policies. In recommending this legislation the Committee of the House having it in charge pointed out that most such lapses and cancellations occurred at a time when disability compensation was due to the veteran, and were probably occasioned by lack of funds.[2] The bill was amended on the floor of the House [3] so as to include the provisions later elaborated into § 305. They permitted the revival of a lapsed policy in favor of the beneficiaries of a deceased veteran, if, at the time of the lapse, he had been entitled to money from the Government for a com-

---

[2] Report of House Committee, No. 104, 67th Cong., 1st Sess., p. 10, states: "It would appear to be equitable and fair when it is remembered that as a matter of fact, in most of the instances, the reason the disabled soldier failed to keep up his insurance was that he was short of funds and it took the Government some time to investigate and grant his compensation, and that because of this financial stringency he allowed his insurance to lapse."

[3] 61 Cong. Rec. 2422.

pensable disability.[4]  The proviso, upon which revival
was conditioned, that at the time of the lapse compensa-
tion be due from the Government to the veteran, made
more explicit the purpose indicated in the Committee
Report.[5]

As then adopted, the revival provision applied only to
lapsed policies, but as amended by the Act of July 2,
1926, it was extended to include "cancelled or reduced"
insurance.  This amendment was adopted for the pur-
pose of avoiding a ruling of the Comptroller General that
the phrase "lapsed insurance" did not embrace cancelled
or reduced insurance, even though the cancellation or re-
duction occurred at a time when compensation was owing
to the veteran.  See Report of House Committee, No.
1217, 69th Cong., 1st Sess., pp. 7–8; Hearings before
Senate Finance Committee, 69th Cong., 1st Sess., on
H. R. 12175, pp. 50–51.  Neither the words nor the
legislative history of § 305 suggest that the phrase "can-
celed or reduced insurance" was intended to include in-
surance elsewhere described in the Act as "converted,"
at least unless the conversion was accompanied by a re-
duction of the policy.  The like administrative construc-
tion which has consistently been given to the section by
the Veterans' Bureau [6] is of persuasive force.  *Norwegian*

---

[4] Section 408 was amended by the Act of March 4, 1923, c. 291, 42
Stat. 1521, 1525–1526, to provide that a lapsed policy could be
revived by one who became permanently and totally disabled.

[5] See 34 Opinions, U. S. Attorneys General, 369, 371.

[6] See communication of Administrator of Veterans' Affairs to the
Solicitor General, December 5, 1936: ". . . it has been the consist-
ent practice of the Veterans' Administration and its predecessors to
administer Section 305, World War Veterans' Act, 1924, and the
preceding provisions of Section 408, War Risk Insurance Act, on the
theory that they contained no provisions, express or implied, for
revival of insurance under a yearly renewable term contract after it
had been converted to a policy of United States Government life
insurance. . . ,"

*Products Co.* v. *United States,* 288 U. S. 294, 315; *Brown* v. *United States,* 113 U. S. 568, 571.

The other sections of the Act are consistent with this construction of § 305. Section 307 permits the insured, if totally disabled, to make claim under his converted policy and entitles him to the benefits of that policy "if found entitled thereto." See *United States* v. *Arzner,* 287 U. S. 470, 473. But it is plain that respondent is not "entitled" to total disability benefits under the original policy, within the meaning of § 307, because the total disability did not occur until after its conversion. Section 307 does not, either by its terms or by reasonable implication, extend the privileges of § 305 to converted insurance. The legislative history of § 307 does not disclose any purpose to amend § 305, or to depart from its policy, and in any case the modification by implication of the settled construction of an earlier and different section is not favored. *United States* v. *Munday,* 222 U. S. 175, 182; *Ibanez* v. *Hongkong Banking Corp.,* 246 U. S. 621, 626. The right of respondent to revive his insurance is limited to the lapsed twenty-payment life policy.

*Reversed.*