## UNITED STATES v. LEE.
### No. 7596.

Circuit Court of Appeals, Sixth Circuit.

Jan. 19, 1939.

Young M. Smith, of Washington, D. C. (Julius C. Martin, Wilbur C. Pickett, and Young M. Smith, all of Washington, D. C., and Bunk Gardner and Eli H. Brown, 3d, both of Louisville, Ky., on the brief), for the United States.

W. F. McMurry, of Paducah, Ky. (Jack E. Fisher, W. F. McMurry, and McMurry, Katterjohn & Reed, all of Paducah, Ky., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appeal from a judgment in the amount of $3,354 in favor of the administrator of an estate of a decedent insured under a War Risk Insurance contract, entered upon overruling of a demurrer to the petition.

The petition alleges in substance that while in the United States military service· the insured received a contract of War Risk Insurance for $5,000 which lapsed for nonpayment of premiums on May 1, 1919, but was revived on June 21, 1927, in accordance with Title 38, Section 516, U.S. C., 38 U.S.C.A. § 516. Between this date and May 20, 1929, when the insured died, he was paid monthly installments of $26.-30 each, and thereafter payment was made to the insured's mother, the designated beneficiary, who died on April 10, 1934. The administrator of the estates of the insured and the beneficiary filed a claim with the Veterans' Administration for the balance due under the policy. The claim was denied, and the administrator instituted this suit. The Government demurred to the petition upon the ground that the facts stated did not constitute a cause of action because an estate is not within the class of beneficiaries designated by Title 38, Section 516, U.S.C., 38 U.S.C.A. § 516. Upon the overruling of this demurrer, as the Government declined to plead further, the court entered judgment for the administrator.

Section 305 of the World War Veterans' Act of 1924, as amended July 2, 1926, 44 Stat. 799, 38 U.S.C., Section 516, 38 U. S.C.A. § 516, which is controlling here, provides as follows:

"Where any person has heretofore allowed his insurance to lapse, or has canceled or reduced all or any part of such insurance, while suffering from a compensable disability for which compensation was not collected and dies or has died, or becomes or has become permanently and totally disabled and at the time of such death or permanent total disability was or is entitled to compensation remaining uncollected, then and in that event so much of his insurance as said uncollected compensation, computed in all cases at the rate provided by section 302 of the War Risk Insurance Act as amended December 24, 1919, would purchase if applied as premiums when due, shall not be considered as lapsed, canceled or reduced; and the United States Veterans' Bureau is hereby authorized and directed to pay to said soldier, or his beneficiaries, as the case may be, the amount of said insurance less the unpaid premiums and interest thereon at 5 per centum per annum compounded annually in installments as provided by law: Provided, That insurance hereafter revived under this section and section 309 [section 516b of this title] by reason of permanent and total disability or by death of the insured, shall be paid only to the insured, his widow, child or children, dependent mother or father, and in the order named unless otherwise designated by the insured during his lifetime or by last will and testament."[1]

The sole legal question is whether the estate of the insured falls within the class of beneficiaries designated by the section quoted. The Government contends that since only living persons are included in this restricted class, there can be no recovery by the estate. The appellee contends that the restrictive effect of the statute is confined to policies where no beneficiary is designated, and that since the insured herein had designated his mother as beneficiary, the statute does not apply, citing the decisions of this court in United States v. Woolen, 6 Cir., 25 F.2d 673, and Heinemann v. Heinemann, 6 Cir., 50 F.2d 696, in support of this point.

The decision herein is governed by the meaning to be given the phrase "and in the order named unless otherwise desig-

---

[1] The amendment of May 29, 1928, 45 Stat. 971, 38 U.S.C.A. § 516, is not applicable here.

·nated by the insured." The Government contends that after limiting payment to the beneficiaries designated, the statute, by the use of the words "unless otherwise designated" plainly declares that payment must be made to the beneficiaries in the order named unless the insured has otherwise designated, and that the exception made by the designation relates only to order of priority and does not bring into the restricted class any beneficiary not expressly therein included. The appellee contends that the words "unless otherwise designated" modify the clause "shall be paid only to" and that when a beneficiary has once been designated, the statutory limitation of beneficiaries does not apply.

■ The Government's contention follows the natural meaning of the words, and this court stated in United States v. Woolen, supra, at page 678, that this construction is grammatically possible. The court there considered, however, that if the statute were so construed it would permit "a designation among the newly permitted class, first created in 1926, and referring as it then would to designations made long before 1926, it would contemplate a discretion exercised by the soldier during his life ·under an option created after his death." This conclusion is inapplicable to the present case. When an insured has designated as beneficiary a person who falls within the class created by the statute, it is in accordance with the dictates of personal affection as felt by the veteran to permit payment to the beneficiary designated in the veteran's lifetime, even though not in the order of priority specified in the statute. Since the revival of causes of action which had lapsed was permitted in the exercise of public liberality toward the veterans, there is no incongruity in permitting the designated beneficiary, the one selected by the veteran himself, to come in ahead of all others in the class.

The legislative history of the enactment supports the government's contention. The provision for the restriction of payment of revived insurance to a special class of beneficiaries was sponsored by the· Veterans' Bureau. In the course of the relevant discussions before the Committee of Finance of the United States Senate, the director of the bureau said that "The bureau feels that Sec. 305 should be limited to the im-mediate family of the veteran." (Hearings before Committee on Finance, U.S. Senate, 69th Cong., 1st Sess., on H. R. 12175, "An Act to Amend the World War Veterans' Act, 1924.")

The committee reports submitted with the bill made the following statements:

"Section 18 amends Section 305 by providing that insurance revived under the provisions of that section shall not be paid to any persons other than the widow, child, children, dependent mother or father, in the order named. This section is one which revives insurance by the use of uncollected compensation. It is a most liberal provision of the law and it was felt that it should not be permitted to revive insurance where no immediate members of the insured's family were alive to take the same." (H. Rep. 1217, 69th Cong., 1st Sess., p. 8; S.Rep. 1105, 69th Cong., 1st Sess., p. 7.)[2]

This history shows that it was the clear intent of the Congress that only living persons were to be beneficiaries, and that no estate should be a beneficiary under this section. The omission of any reference to payment to an estate indicated that the. privileges of the section were not intended for any other than the beneficiaries named in the class. Cf. United States v. Madigan, 300 U.S. 500, 57 S.Ct. 566, 81 L.Ed. 767.

■ The Veterans' Bureau and the Comptroller General also have ruled that the benefits of insurance revived under this section were not payable to an estate. See Director's Decisions, U. S. Veterans' Bureau, No. 281, February 12, 1927, which was promulgated for observance by .all officers and employees of the Bureau. 7 Comp.Gen., 118. This administrative construction which has been given to the section by the Veterans' Bureau is of persuasive force. United States v. Madigan, supra; Norwegian Nitrogen Products Co. v. United States, 288 U.S. 294, 315, 53 S.Ct. 350, 77 L.Ed. 796.

■ It remains necessary to consider the decisions of this court in United States v. Woolen, and Heinemann v. Heinemann, supra. Each of these cases stated that the restrictive effect of the proviso in Section 305 should be confined to policies where no beneficiary was designated. The holding

---

[2] See also statement of the senator in charge of the bill on the floor of the Senate, Cong.Rec., 69th Cong., 1st Sess., vol. 67, pt. II, pages 12089–12093. Also summarized statement of the bill, same volume, p. 12419.

of the Woolen Case under its facts applied only to cases of reviver under Section 309, 38 U.S.C.A. § 516b. The Heinemann Case applied to cases of reviver under Section 305. That case was decided upon the authority of the Woolen Case, and does not discuss the question.

The insurance in the Woolen Case was revived under Section 309 by application of an unpaid bonus to the premium payment; that in the Heinemann Case was revived by application of unpaid compensation to premium payments under Section 305, as in the instant case. The proviso of Section 305 applies to reviver of insurance under both sections, the scope and effect of which was distinguished in the Woolen Case (page 677) as follows: Each section (305 and 309) "was a new section added by the act of 1926, and each alike pertained to insurance which prima facie had lapsed because the soldier had not paid the premiums. Otherwise, they are distinct. Section 309 depended on the equitable offset between unpaid bonus and unpaid premiums. Section 305 depended on compensation for disability."

The court pointed out that with Section 305 there was opportunity to distinguish between claims which had already matured by death and which were therefore then and there revived by the statute, and those which should thereafter mature, but observed that as to Section 309, the words "hereafter revived" were inappropriate because practically all, if not all, the reviving effect of Section 309 had been exhausted by deaths occurring within a year or two after 1919, and there never would be any reviver through unpaid bonus by deaths occurring after July, 1926. The court continued: "It follows, we think, that, even if any intelligent application of this language can be made under section 305, it cannot be under section 309."

The Woolen Case, then, drew a distinction between cases of reviver under Section 309 and those under Section 305, and intimated that as to reviver under Section 305, the holding that the restrictive effect of the proviso shall be confined to policies where no beneficiary was designated, does not apply. The Woolen Case hence does not govern this case. The distinction suggested in the discussion of the Woolen Case is emphasized by the difference in the facts of the two cases. In the Woolen Case, the insured had died on March 26, 1919, prior to the enactment of the statute, while in the instant case, the insured died after this statute went into effect. The cause of action, therefore, is not only subsequent to the enactment of the amendment of 1926, but it comes within the specific terms thereof, being based upon "insurance hereafter revived * * * by the death of the insured." As forecast in the Woolen Case, the language of the statute can be intelligently applied herein, and both its phrasing and its legislative history compel the conclusion that the Congress contemplated in this enactment the exclusion of an estate as beneficiary of insurance revived under Section 305.

The judgment is reversed and the case remanded with instructions to sustain the demurrer, and for further proceedings according to law.