RHODES v. SOCIAL SECURITY ADMINISTRATION.

Civil Action No. 7509.

District Court, E. D. Pennsylvania.

Dec. 11, 1947.

E. Thornton Jackson, Jr., of Philadelphia, Pa., for plaintiff.

Thomas J. Curtin, Asst. U. S. Atty., and Gerald A. Gleeson, U. S. Atty., both of Philadelphia, Pa., for defendant.

GANEY, District Judge.

This is a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, by the defendant in an action in which the plaintiff seeks a review, pursuant to section 205(g) of Title II of the Social Security Act [1], of a decision of the Social Security Administration denying her claim for a lump-sum death payment in the amount of One Hundred Sixty One and 95/100 Dollars ($161.95) based on her deceased husband's wage record.

The facts are not in dispute. On the morning of April 30, 1946, the plaintiff's husband, James Rhodes, died. Prior to his death he had been entitled to primary insurance benefits in the amount of Twenty Six and 99/100 Dollars ($26.99) a month under section 202(a) [2] of the Act. On May 13, 1946, although during the month of April 1946 and prior and subsequent thereto she had and was continuing to render services for not less than fifteen dollars a month, the plaintiff, then sixty-eight years of age, and fully insured under the Act, filed an application for widow's insurance benefits based on her deceased husband's wage record. This application was an application for all insurance benefits and payments to which she might be entitled under the Act, and with respect to widow's insurance benefits, it was retroactive under Sec. 202(h) [3] to the month in which all the conditions for entitlement for that benefit were met, provided it did not exceed three months preceding the month in which the application was filed. Subsequently the Social Security Administration advised the plaintiff, that because of the retroactive feature of her application, she was entitled under section 202(d) [4] to a widow's insurance benefit for the month of April 1946 in the amount of Twenty and 24/100 Dollars ($20.24), based on her deceased husband's wage record, and that ending with the month of April, her entitlement to widow's insurance benefits had terminated for the reason that she was entitled, beginning with the month of May 1946, to primary insurance benefits in the amount of Twenty Seven and 71/100 ($27.71) a month which exceeded her widow's insurance benefit, but since she was rendering services for not less than fifteen dollars a month, according to section 203(d) (1) [5], no monthly benefits

[1] Act of August 14, 1935, c. 531, Title II, 49 Stat. 624, as amended by the Act of August 10, 1939, c. 666, Title II, 53 Stat. 1368, 42 U.S.C.A. § 405(g).

[2] This section provides: "Every individual, who (1) is a fully insured individual * * * (2) has attained the age of sixty-five, and (3) has filed application for primary insurance benefits, shall be entitled to receive a primary insurance benefit * * * for each month, beginning with the month in which such individual becomes so entitled to such insurance benefits and ending with the month preceding the month in which he dies." 42 U.S.C.A. § 402(a).

[3] This section provides: "An individual who would have been entitled to a benefit under subsection (b), (c), (d), (e), or (f) for any month had he filed application therefor prior to the end of such month, shall be entitled to such benefit for such month if he files application therefor prior to the end of the third month immediately succeeding such month." 42 U.S.C.A. § 402(h).

[4] 42 U.S.C.A. § 402(d). This section provides for the amount of a widow's insurance benefit and the conditions for entitlement thereto.

[5] This section provides: "(d) Deductions, in such amount and at such time or times as the Board shall determine, shall be made from any payment or payments * * * to which an individual is entitled, until the total of such deductions equals such individual's benefit or benefits for any month in which such individual: (1) rendered services for wages of not less than $15; * * *" 42 U.S.C.A. § 403(d) (1).

could be paid to her at that time. It further notified her that her claim for a lump-sum death payment based on her deceased husband's wage record was disallowed for she was entitled to a widow's insurance benefit in the month in which her husband died, and also because she did not file her application in that month.

The plaintiff takes the position that she is entitled to the lump-sum death payment for two reasons: (1) She would not, if she had filed an application in the month in which her husband died be entitled under section 202(d) to widow's insurance benefits on his wage record; and (2) she was not entitled to any monthly benefits in the month of April 1946 because she had rendered services for not less than fifteen dollars in that month.

 The statute in question is section 202(g) of the Act, 42 U.S.C.A. § 402(g). This section governs entitlement to lump-sum death payments, and, as far as is relevant here, provides as follows: "Upon the death * * * of an individual who died a fully or currently insured individual, leaving no surviving widow * * * who would, on filing application in the month in which such individual died, be entitled to a benefit for such month under subsection * * * (d) * * * of this section, an amount equal to six times a primary insurance benefit of such individual shall be paid in a lump-sum * * * to the widow * * * of the deceased * * *." If the plaintiff had filed her application in the month of April 1946, that is on the last day of that month, she would have been entitled to a lump-sum death payment[6]. This is so because she would have been entitled under section 202(a) to a primary insurance benefit in an amount exceeding her deceased husband's primary insurance benefit which would have prevented her from becoming entitled to a widow's insurance benefit under section 202(d). This being the case it should follow that she is entitled to the lump-sum death payment in question. However, in applying sections 202(d) and 202(h), the Social Security Administration has ruled that since she did not file her application in the month of April, but filed it in May 1946, the plaintiff is actually entitled to a widow's insurance benefit for the month of April, and that the survival of the wage earner by such an individual is a bar to the entitlement of the lump-sum death payment by anyone. It is brought to our attention that this construction of section 202(g) was adopted by the Social Security Board in the first case in which the issue arose in December of 1941, and ever since that date, it has been uniformly and consistently applied by the Board and its successor, the Social Security Administration, in all cases in which the same issue has arisen. We are reminded, therefore, that the Supreme Court of the United States has held that uniform administrative interpretation of statutes is entitled to great weight and should not be overturned unless clearly wrong or unless a different construction is plainly required[7]. We of course can have no quarrel with this rule, but we think section 202(g), as far as it is applicable to this case, is plain and unambiguous, and with all deference to the ruling of the Administration, we are unable to extract therefrom the meaning which it attributes to that section. Under these circumstances we need not follow the ruling of the Administration for it is equally well settled that where the provisions of an Act are plain and unambiguous, the agency charged with the administering of it has no power to extend or amend it by regulations or interpretation. Swift Company v. United States, 105 U.S. 691, 26 L. Ed. 1108; United States v. Missouri Pacific Railroad Company, 278 U.S. 269, 277, 49

---

[6] It should be noted also that if the plaintiff had filed her application subsequent to the month of July 1946 and prior to May 1, 1948, she likewise would have been entitled to receive the lump-sum death payment.

[7] The following cases were cited in support of this rule: United States v. Citizens Loan and Trust Co., 316 U.S. 209, 62 S.Ct. 1026, 86 L.Ed. 1387; United States v. Jackson, 280 U.S. 183, 50 S. Ct. 143, 74 L.Ed. 361; United States v. Madigan, 300 U.S. 500, 57 S.Ct. 566, 81 L.Ed. 767; Norwegian Nitrogen Products Co. v. United States, 288 U.S. 294, 53 S.Ct. 350, 77 L.Ed. 796; United States v. American Trucking Associations, Inc., 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345.

S.Ct. 133, 73 L.Ed. 322; Walling v. Baltimore Steam Packet Co., 4 Cir., 144 F.2d 130, 135. From our reading of section 202(g), we gather that it was the purpose of Congress that when there existed an individual who might be entitled to an insurance benefit based on the wage record of the deceased wage earner in the month of his death, the existence of such an individual would be a bar to the entitlement of a lump-sum death payment and that this purpose is not to be nullified merely by the postponement of the filing of an application by such individual in a month subsequent to that in which the wage earner died. Taking the view most favorable to the Administration, it may well be that it was the intent of Congress that this purpose was not to be defeated even though the existence of such an individual was the result of the application of section 202(h). Plainly, section 202(g) does not provide for the latter contingency. This probable omission, which we assume but do not decide, can not be supplied by the Administration pursuant to its rule making power, as provided for in section 205(a),[8] under the guise of interpretation. On the other hand, taking the view of the plaintiff, it might be that Congress meant that under the circumstances of this case, the claimant is entitled to a lump-sum death payment. If this be so, there being no provisions appearing in the Act to the contrary, the Administration's interpretation is hostile to this latter meaning. Under either view it appears that the Administration has exceeded its power. "Administrative determinations must have a basis in law and must be within the granted authority." Social Security Board v. Nierotko, 327 U.S. 358, 369, 66 S.Ct. 637, 643, 90 L.Ed. 718, 162 A.L.R. 1445.

Nevertheless it is urged on behalf of the Administration that even assuming its decision is unsound, it is settled doctrine that when Congress has the opportunity through reenactment or amendment to change a known administrative construction and fails to do so, it is considered to have given implied recognition and approval to such interpretation.[9] Therefore it is argued that since Congress, in amending the Social Security Act in August 1946, did not see fit to change the conditions for entitlement to a lump-sum death payment under section 202(g), insofar as is pertinent to this case, the Administration's interpretation of that section must be accepted. The above doctrine is no more than an aid in statutory construction where statutory ambiguities must be resolved. "The persuasion that lies behind that doctrine is merely one factor in the total effort to give fair meaning to language". Federal Communications Commission v. Columbia Broadcasting System of California, Inc., 311 U.S. 132, 137, 61 S.Ct. 152, 154, 85 L.Ed. 87. So where, as here, the statute is plain and unambiguous, the subsequent reenactment or amendment of the statute does not constitute an adoption by implication of its administrative construction. Keshland v. Helvering, 298 U.S. 441, 446, 56 S.Ct. 767, 80 L.Ed. 1268, 105 A.L.R. 756; Biddle v. C.I.R., 302 U.S. 573, 582, 58 S.Ct. 379, 82 L.Ed. 431; Walling v. Baltimore Steam Packet Co., supra; Clark v United States, D.C. Md., 33 F.Supp. 216. Moreover, although Congress has not amended section 202(g), as far as concerns this case, it has amended section 202(h) to extend the provisions of that section to applications for primary insurance benefits. This amendment will prevent the recurrence of a situation similar to the one before us thereby making it unnecessary for Congress to amend section 202(g). Consequently it may be argued that the above last mentioned rule is inapplicable in the first instance because Congress has manifested its intent not to adopt the Administration's interpretation of section 202(g).

Since we are of the opinion that the plaintiff is entitled to the lump-sum death payment based on her first reason, the second

---

[8] 42 U.S.C.A. § 405(a).

[9] These cases were cited in support of this rule: Old Colony Railroad Company v. Commissioner, 284 U.S. 552, 557, 52 S.Ct. 211, 76 L.Ed. 484; National Lead Company v. United States, 252 U.S. 140, 145–147, 40 S.Ct. 237, 64 L.Ed. 496; Johnson v. Manhattan Railway Company, 289 U.S. 479, 500, 53 S.Ct. 721, 77 L. Ed. 1331; United States v. Cerecedo Hermanos Y Compania, 209 U.S. 337, 28 S.Ct. 532, 52 L.Ed. 821.; United States v. G. Falk & Bros., 204 U.S. 143, 152, 27 S.Ct. 191, 51 L.Ed. 411.

reason, which we think is meritless, advanced by her in support of her position in this case, need not be discussed by us.

Accordingly, the motion for summary judgment is denied, the decision of the Social Security Administration is reversed so that the Administration may take action in conformity with the provisions of section 205(i) of the Act, 42 U.S.C.A. § 405(i).