240 F.2d 292
 UNITED STATES of America, Appellant,
v.
Margaret D. SHORT, as Administratrix of the Estate of Ethel
Grace Short, deceased, Appellee.
James Harvey SHORT, individually and as Administrator of the
Estate of Irving Ritchie Short, deceased, Appellant,
v.
Margaret D. SHORT, as Administratrix of the Estate of Ethel
Grace Short, deceased, Appellee.
 No. 14668.
 United States Court of Appeals Ninth Circuit.
 Oct. 12, 1956.
 
 1
 Warren E. Burger, Asst. Atty. Gen., Melvin Richter, Julian H. Singman, Attys., Department of Justice, Washington, D.C., Lloyd H. Burke, U.S. Atty., Richard C. Nelson, Asst. U.S. Atty., San Francisco, Cal., for appellant the United States.
 
 
 2
 Frank V. Cornish, Francis T. Cornish, Cornish & Cornish, Berkeley, Cal., for appellant James Harvey Short.
 
 
 3
 George Clark, Clark & Morton, Berkeley, Cal., for appellee.
 
 
 4
 Before STEPHENS and FEE, Circuit Judges, and JAMES M. CARTER, District Judge.
 
 
 5
 JAMES M. CARTER, District Judge.
 
 
 6
 This case involves a contest over the proceeds of a National Service Life Insurance Policy, and raises the question as to whether Sec. 8.91(b) of the Regulations of the Veterans Administration, 13 F.R. 7108, 38 C.F.R. 8.91(b) (1949) is a valid regulation, is consistent with the statute concerning National Service Life Insurance, and is necessary or appropriate to carry out the purposes of such statute.
 
 
 7
 The facts are not in dispute and the case was tried below on a stipulated record. A memorandum opinion, Short v. United States, D.C.Cal.1954, 123 F.Supp. 414, 416, constituted the findings and conclusions, and judgment was entered thereon.
 
 
 8
 Irving Short, while in the United States Army in World War II, was issued a National Service Life Insurance policy for $10,000 effective January 1, 1943. On August 25, 1949, the insured changed the beneficiary of his policy so that thereafter his mother, Ethel G. Short, was the principal beneficiary and his brother James Harvey Short and the Berkshire Industrial Farm, a charitable institution, were the first contingent beneficiaries, each to the extent of $5000. However, at no time did the insured select any method of payment to be made to the beneficiaries, i.e., did not provide whether payment should be in a lump sum or installments.[1]
 
 
 9
 Irving Short was honorably discharged from the Army with rank of Captain, and while attempting to re-enlist in connection with the war in Korea, he died of polio in an Army hospital in Tokyo, Japan, on August 30, 1950.
 
 
 10
 Ethel G. Short, his mother, filed a claim with the Veterans Administration in September, 1950, seeking payment of the policy. Delays occurred in securing an official report of death, which was finally received July 3, 1951. Meanwhile on June 14, 1951, Ethel G. Short died. She received nothing from the policy during her lifetime.
 
 
 11
 After Mrs. Short's death the Veterans Administration informed her attorneys that according to its regulations it had no choice but to pay the proceeds of the policy, including installments accruing after the insured's death and before Mrs. Short's death, to the designated co-contingent beneficiaries. On November 29, 1951, the Director of Dependents and Beneficiaries Claims Service made a ruling to the same effect. On May 2, 1952, that ruling was affirmed by Board of Veterans' Appeals.
 
 
 12
 Margaret D. Short was appointed Administratrix of the Estate of Ethel G. Short, deceased, and as such commenced this action against the United States, James Harvey Short, individually and as Administrator of the Estate of Irving Short, the insured, and Berkshire Industrial Farm, seeking declaratory relief. Answers were filed by all defendants. The answer of defendant James Harvey Short set forth his claim as an individual, to-wit, a contingent co-beneficiary and his claim as Administrator of the estate of the assured.
 
 
 13
 After trial on the stipulated facts, the district court entered judgment for Margaret D. Short as Administrator of the Estate of Ethel G. Short (the principal beneficiary) for the amount of the insurance benefits accrued but unpaid prior to the death of Ethel G. Short,[2] upon the ground that the Veterans Administration's regulation, Sec. 8.91(b) which the court said (123 F.Supp. 416) 'specifically covers the case', was not supported by the statute or was otherwise invalid. The judgment further provided that the balance of the proceeds of the insurance policy be paid one-half each to the contingent co-beneficiaries, James Harvey Short and Berkshire Industrial Farm.
 
 
 14
 Only the United States appealed, although James Harvey Short individually and as Administrator of the estate of the insured is carried in the caption of the transcript of record and briefs as an appellant. He also filed a reply brief to that of the United States. He is a proper appellee.
 
 
 15
 Although the contest over the proceeds of the policy is actually between parties other than the United States, the United States being in reality a stakeholder, still the United States has a legitimate and proper interest in supporting lawfully promulgated regulations and in carrying out the will of Congress, United States v. Snyder, 1949, 85 U.S.App.D.C. 198, 177 F.2d 44, 49; United States v. Hoth, 9 Cir., 207 F.2d 386; and see: United States v. Leverett, 5 Cir., 1952, 197 F.2d 30 (where the United States, as appellant, secured a reversal).
 
 Statute and Regulation Involved
 
 16
 Section 602(u) of the National Service Life Insurance Act of 1940, as added by § 9 of the Act of August 1, 1946, 60 Stat. 781, as amended by the Act of May 23, 1949, 63 Stat. 74, 38 U.S.C.A. § 802(u), provides:
 
 
 17
 'With respect to insurance maturing on or subsequent to August 1, 1946, in any case in which the beneficiary is entitled to a lump-sum settlement but elects some other mode of settlement and dies before receiving all the benefits due and payable under such mode of settlement, the present value of the remaining unpaid amount shall be payable to the estate of the beneficiary; and in any case in which no beneficiary is designated by the insured, or the designated beneficiary does not survive the insured, or a designated beneficiary not entitled to a lump-sum settlement survives the insured, and dies before receiving all the benefits due and payable, the commuted value of the remaining unpaid insurance (whether accrued or not) shall be paid in one sum to the estate of the insured: Provided, That in no event shall there be any payment to the estate of the insured or of the beneficiary of any sums unless it is shown that any sums paid will not escheat.'
 
 
 18
 Section 8.91(b) of the Regulations of the Veterans Administration, 13 F.R. 7108, 38 C.F.R. 8.91(b) (1949), provides:
 
 
 19
 'If the principal beneficiary of National Service life insurance maturing on or after August 1, 1946, does not survive the insured or if the principal beneficiary not entitled to a lump-sum settlement survives the insured but dies before payment has commenced, the insurance shall be paid to the contingent beneficiary in accordance with the provisions of § 8.77.'
 
 The Questions Presented
 
 20
 1. Whether § 8.91(b) of the Veterans Administration Regulations-- providing that insurance installments accrued but unpaid to a deceased principal beneficiary not entitled to lump-sum settlement should be paid to the contingent beneficiary-- is consistent with § 602(u) of the Act.
 
 
 21
 2. Whether § 8.91(b) of the Veterans Administration Regulations is necessary or appropriate to carry out the purposes of the Act.
 
 
 22
 3. Whether a regulation of the Veterans Administration must be given effect by the court if it is not inconsistent with the National Service Life Insurance Act and is necessary or appropriate to carry out its purposes, notwithstanding that the regulation may be 'legislative' in nature.
 
 
 23
 4. Whether the delay of the Veterans Administration in securing the official record of death has any bearing on the case.
 
 I.
 
 24
 Sec. 8.91(b) of the Regulations is not inconsistent with Sec. 602(u) of the Act, 38 U.S.C.A. § 802(u), and is in fact consistent therewith.
 
 
 25
 Sec. 602(u) of the Act, 38 U.S.C.A. § 802(u), provides that when 'a designated beneficiary not entitled to a lump-sum settlement * * * dies before receiving all the benefits due and payable * * * the remaining unpaid insurance (whether accrued or not) shall be paid in one sum to the estate of the insured'. The word 'beneficiary' is used in the statute in the singular. We hold that the phrase 'designated beneficiary' includes contingent as well as principal beneficiaries. This is the construction which has been followed by the Veterans Administration since the enactment of the statute, Regulations, Sec. 10:3489, 11 F.R. 9285, 38 C.F.R. 10:3489 (Supp.1946) 38 C.F.R. 8.89 (1949). The trial court herein also so held. Washburn v. United States, D.C.Mo.1945, 63 F.Supp. 224, gave the same construction to 'beneficiary' used in Sec. 602(g) of the Act, 38 U.S.C.A. § 802(g).
 
 
 26
 Without reading the words 'designated beneficiary' to include principal and contingent beneficiaries, Sec. 602(u) of the Act, 38 U.S.C.A. § 802(u), does not cover or provide for the factual situation where contingent beneficiaries were named. Therefore the Regulation, Sec. 8.91(b) which was issued to provide for this contingency, cannot be inconsistent with the Act.
 
 
 27
 In fact the regulation 8.91(b) is consistent with the Act and framed to carry out its intent, if the word 'beneficiary' also includes 'contingent beneficiaries.'
 
 
 28
 Sec. 602(u) of the Act concerns situations involving both lump-sum settlements and installment payments. The material therein falls into two parts, but the results are different. In one instance the estate of the beneficiary is ultimately preferred, in the other the estate of the insured.
 
 
 29
 The first part of Sec. 602(u) concerns a 'beneficiary (wh0) is entitled to a lump-sum settlement but elects some other mode of settlement and dies before receiving all the benefits due * * *'. The remaining insurance then goes to the beneficiary's estate. This part of the section was enacted to care for the lump-sum settlements that an insured might designate after August 1, 1946, made possible by the changes in the statute as of that date. Our case could not come within this part of the section since Mrs. Short was never entitled to a lump-sum settlement and could therefore make no election.
 
 
 30
 The second part of the section, after the semicolon, concerns situations where,
 
 
 31
 (a) no beneficiary was designated or
 
 
 32
 (b) the designated beneficiary did not survive the insured, or
 
 
 33
 (c) 'a designated beneficiary not entitled to a lump-sum settlement survives the insured, and dies before receiving all the benefits due and payable'. Here 'the remaining unpaid insurance (whether accrued or not) shall be paid in one sum to the estate of the insured'.
 
 
 34
 Thus where the 'designated beneficiary' (the mother, Mrs. Short) 'not entitled to a lump-sum settlement survives the insured, and dies' (Mrs. Short's situation) 'before receiving all the benefits due and payable' (the $2600 in question was due and payable) 'the remaining unpaid insurance' (this would include the $2600) '(whether accrued or not)' (the $2600 was accrued), 'shall be paid in one sum to the estate of the insured'. Congress said expressly the estate of the insured, not the estate of the beneficiary, was entitled to the remaining insurance.
 
 
 35
 Since we read Sec. 602(u) as also including contingent beneficiaries, the Congressional intent is clear that where no lump settlement had been designated, only if all the beneficiaries and contingent beneficiaries die before they receive all the benefits to which they are entitled, is 'the remaining unpaid insurance (whether accrued or not) * * * paid * * * to the estate of the insured.' It is not, as held by the court below, the estate of the beneficiary which is ultimately preferred in such installment situations.
 
 
 36
 The words 'whether accrued or not' in Sec. 602(u) are significant. Thus, absent the lump-sum payment situation, where the beneficiaries have survived the insured and then die, the installments accrued and unpaid do not go to an estate of a beneficiary, but go to the estate of the insured.
 
 
 37
 All that Sec. 8.91(b) of the Regulations does is read into Sec. 602(u) the inclusion of contingent beneficiaries, and is therefore in truth consistent with Sec. 602(u) of the Act, 38 U.S.C.A. § 802(u). Nothing in Sec. 8.81(u) is at variance with the provisions of Sec. 602(u), that in the installment situations, the unpaid insurance after the decease of 'the beneficiary' go to the estate of the insured.
 
 II.
 
 38
 Regulation 8.91(b) is necessary or appropriate to carry out the purposes of the Act.
 
 
 39
 The Veterans Administration is given broad statutory power to 'determine and publish the terms and conditions of such insurance.' § 602(o) of the Act, 54 Stat. 1009, 1011, 38 U.S.C.A. § 802(o) and 'to make such rules and regulations, not inconsistent with the provisions of this subchapter, as are necessary or appropriate to carry out its purposes'. § 608 of the Act, 54 Stat. 1009, 1012, as amended, 38 U.S.C.A. § 808.
 
 
 40
 In reviewing insurance regulations of the Administrator, courts must examine the pertinent section of the Act in relation to the Act's other sections and in relation to its legislative history for the purpose of determining 'whether the regulation is 'not inconsistent' with the provisions of the Act and whether it is 'necessary or appropriate to carry out its purposes." United States v. Zazove, 1948, 334 U.S. 602, 612, 68 S.Ct. 1284, 1288, 92 L.Ed. 1601.
 
 
 41
 There were various alternatives that might have been available to the Administrator in tailoring Regulation 8.91(b). Other alternatives, than the one adopted would result in benefiting a decedent's estate rather than a living contingent beneficiary. Such a result would be contrary to the intent of the policyholder shown by his designation of a contingent beneficiary.
 
 
 42
 The form for change of beneficiary has an explanation under the head 'Instructions,'[3] setting forth the various alternatives available and referring specifically to contingent beneficiaries and the estate of the insured as a possible beneficiary. Sec. 8.91(b) of the Regulations therefore carries out the intent of the insured to protect his contingent beneficiary rather than have the insurance money go to his estate.
 
 
 43
 The Administrator and the Congress have acted under this assumption. From the beginning, the underlying policy of National Service Life Insurance has been to benefit living people and to care for the families and friends of men who gave their lives for their country. Congress had the benefit of the experience under World War Veterans' Act of 1924, 43 Stat. 607, 38 U.S.C.A. § 421 et seq., which provided for payment to a beneficiary's personal representative of accrued installments of insurance unpaid at the time of his death, Section 26, 38 U.S.C.A. § 451, and to the estate of the insured of the present value of all unmatured installments, Section 303, 38 U.S.C.A. § 514. In view of the express provisions in the 1924 Act for payment to the beneficiary's estate of installments accrued but unpaid, McCullough v. Smith, 1934, 293 U.S. 228, 55 S.Ct. 157, 79 L.Ed. 297, Singleton v. Cheek, 1932, 284 U.S. 493, 52 S.Ct. 257, 76 L.Ed. 419, and their omission in the 1940 Act, Congress indicated an intention to provide for and prefer living beneficiaries.[4]
 
 
 44
 This policy to prefer the living is shown in the holdings in Henning v. United States, 1952, 344 U.S. 66, 73 S.Ct. 114, 97 L.Ed. 101, and Baumet v. United States, 1952, 344 U.S. 82, 73 S.Ct. 122, 97 L.Ed. 111, that the Act required forfeiture to the National Service Life Insurance Fund if no beneficiary was alive.
 
 
 45
 We conclude that Regulation 8.91(b) was necessary and appropriate to carry out the purposes of the Act.
 
 III.
 
 46
 Regulation 8.91(b), since not inconsistent with and since necessary and appropriate to carry out the purposes of the Act, must be given effect even though it may be legislative in nature.
 
 
 47
 An administrative regulation promulgated within the authority granted by statute has the force of law and will be given full effect by the courts. National Broadcasting Co. v. United States, 1943, 319 U.S. 190, 63 S.Ct. 997, 87 L.Ed. 1344; Rosen v. United States, 1918, 245 U.S. 467, 38 S.Ct. 148, 62 L.Ed. 406; Ex parte Reed, 1879, 100 U.S. 13, 25 L.Ed. 538; Gratiot v. United States, 1846, 4 How. 80, 45 U.S. 80, 11 L.Ed. 884; Carter v. Forrestal, 1949, 85 U.S.App.D.C. 53, 175 F.2d 364, certiorari denied 338 U.S. 832, 70 S.Ct. 47, 97 L.Ed. 507.
 
 
 48
 Consistent administrative construction is entitled to great weight, and such construction is not to be overturned unless clearly wrong, or unless a different construction is plainly required. United States v. Jackson, 1930, 280 U.S. 183, 193, 50 S.Ct. 143, 74 L.Ed. 361; United States v. Citizens Loan & Trust Co., 1942, 316 U.S. 209, 214, 62 S.Ct. 1026, 86 L.Ed. 1387; United States v. Madigan, 1937, 300 U.S. 500, 505, 57 S.Ct. 566, 81 L.Ed. 767. This general rule, of course, 'has peculiar weight when it involves a contemporaneous construction of a statute by the men charged with the responsibility of setting its machinery in motion; of making the parts work efficiently and smoothly while they are yet untried and new.' Norwegian Nitrogen Products Co. v. United States, 1933, 288 U.S. 294, 315, 53 S.Ct. 350, 358, 77 L.Ed. 796; United States v. American Trucking Ass'ns, Inc., 1940, 310 U.S. 534, 549, 60 S.Ct. 1059, 84 L.Ed. 1345.
 
 
 49
 The Veterans Administration has been consistent in applying a construction similar to Sec. 8.91(b). The forerunner of that section, Sec. 10:3491, 13 F.R. 2584, was issued in May 1948. It construed the statute as requiring that accrued but unpaid insurance proceeds, such as those here in question, be paid to the contingent beneficiary.[5]
 
 
 50
 The district court was of the view that only if the regulation was interpretative could it be sustained. We are not concerned with the rule as to administrative regulations of other agencies. The grant of power to the Veterans Administrator was very broad, unlike the ordinary grant to make regulations. He was granted power to 'determine and publish the terms and conditions of' National Service Life Insurance, Sec. 602(o) of the Act, 38 U.S.C.A. § 802(o), and to 'make such rules and regulations, not inconsistent with the provisions of this subchapter, as are necessary or appropriate to carry out its purposes'. Sec. 608 of the Act, 38 U.S.C.A. § 808. The extent and limits of the rule making power were specifically spelled out and we have shown heretofore that Sec. 8.91(b) was not inconsistent with the Act but was necessary and appropriate.[6]
 
 
 51
 But we do not think we are required to hold specifically that Section 8.91(b) is legislative in character. Sec. 602(g) of the Act, 38 U.S.C.A. 802(g), gives the insured the right to designate and change beneficiaries. The form presented by the Veterans Administration expressly instructs that principal and contingent beneficiaries may be named. The preparation of such a form was clearly within the power of the Administrator. Any regulation which would ignore these contingent beneficiaries' rights after the decease of the principal beneficiary, would be clearly improper and in disregard of the intent of the assured.[7] Sec. 8.91(b) therefore was properly interpretative of the Act.
 
 
 52
 Although the contest in this case is over the payments accruing and unpaid from the death of the insured to the death of his mother, Ethel G. Short, we have not specifically talked of this problem, since if Reg. 8.91(b) is valid and effective it disposes of the case and we so hold. However, the Act was clear, prior to the Amendment of August 1, 1946, that 'The right of any beneficiary to payment of any installments shall be conditioned upon his or her being alive to receive such payments. No person shall have a vested right to any installment * * *'. Sec. 602(i) of the Act, 38 U.S.C.A. § 802(i). 'No installments of such insurance shall be paid to the heirs or legal representatives as such of the insured or of any beneficiary * * *'. Sec. 602(j) of the Act, 38 U.S.C.A. § 802(j).
 
 
 53
 The amendments of August 1, 1946, presented for the first time problems concerning lump-sum payments. Sec. 602(u) of the Act, 38 U.S.C.A. § 802(u), was enacted to care for such lump-sum payments. But the section, in the latter part thereof, was also made applicable to the installment payment policies. Any changes made, permitting payment to an estate, must be limited to those in stances expressly provided for, since such instances were clearly exceptions to the general intent and makeup of the Act.
 
 IV.
 
 54
 The Delay of Veterans Administration has no bearing on the case.
 
 
 55
 The contention that delay by the Veterans Administration in securing the official death record of the insured can effect the result and require payment of the accrued installments to the estate of Ethel G. Short is answered by United States v. Henning, 1952, 344 U.S. 66, 74, 73 S.Ct. 114, 97 L.Ed. 101.
 
 
 56
 Administrative delay under the World War Veterans' Act of 1924 was similarly treated and 'could not influence our construction of the language of the statute', United States v. Citizens Loan & Trust Company, 1942, 316 U.S. 209, 215, 62 S.Ct. 1026, 1029, 86 L.Ed. 1387.
 
 
 57
 The judgment is reversed with instructions to enter judgment providing that the proceeds of the policy be distributed in equal shares to the two contingent beneficiaries, James Harvey Short and Berkshire Industrial Farm.
 
 
 58
 JAMES ALGER FEE, Circuit Judge (dissenting).
 
 
 59
 There is no question here of any choice as matter of policy between James Harvey Short, individually and as Administrator of the deceased soldier on the one hand, and Margaret D. Short, Administratrix of the estate of Ethel G. Short, his mother. The Veterans Administration, as a stakeholder, has unwarrantably weighted the scales in favor of the former and against the latter. The agency has also unwarrantably taken a violent part in this litigation, in which, as a supposed stakeholder, it should have been neutral.
 
 
 60
 These actions were taken not in furtherance of justice, but in order to defend its assumption of power in adopting a regulation reinstating the terms of a statute which Congress had just repealed. The excellent opinion of Hon. Edward Murphy, United States District Judge for the Northern District of California, Short v. United States, 123 F.Supp. 414, makes this stretching of its authority perfectly clear. The majority of this panel seems to admit that words must be interpolated into the present statute to permit the agency to adopt this nullifying regulation.
 
 
 61
 Although it has nothing to do with the merits, the agency seems to have adopted this antagonistic attitude toward the mother, Ethel G. Short, and her heirs, in defense of its own record of unexplained delays, senseless red tape and arbitrary refusals in the face of patent facts to pay Mrs. Short during her lifetime. It is admitted that, if she had been paid these installments during her life, as the facts and the regulations required, the distributees of her estate would have received the benefit of a number of installments, approximating the total of $2,600.00, which this purported regulation takes away from them.
 
 
 62
 In light of the present congressional policy of judicial review of administrative action, the courts should scrutinize with keen eyes usurpation of jurisdiction to issue regulations, especially when these conflict with the purpose of legislation upon the subject which reflects the ends to be accomplished.
 
 
 
 [1]
 Prior to August 1, 1946, the proceeds of insurance were payable in installments. After August 1, 1946, an insured was permitted to designate a lump-sum settlement. See. 602(t) of the Act, 38 U.S.C.A. § 802(t)
 
 
 [2]
 The installments would total about $2609.10
 
 
 [3]
 'The insured may designate as principal and/or contingent beneficiary or beneficiaries any person or persons, firm, corporation, or other legal entity (including the estate of the insured) individually or as trustee. Any named beneficiary may be designated in item 6 as 'Principal Beneficiary' or 'Contingent Beneficiary.' Any named beneficiary who is not designated as 'Contingent Beneficiary' will, in general, be presumed to be a principal beneficiary. A contingent beneficiary, generally speaking, is a person who becomes principal beneficiary if the designated principal beneficiary predeceases the insured, or if the principal beneficiary, not entitled to settlement under Option 1 (lump-sum), dies prior to receiving full payment of all guaranteed monthly installments. The insured will have the right at any time, and from time to time, and without the knowledge or consent of the beneficiary or beneficiaries to cancel the beneficiary designation, or to change the beneficiary * * *'
 
 
 [4]
 See also Servicemen's Indemnity Act of 1951, 65 Stat. 33, 38 U.S.C.A. § 851 et seq
 
 
 [5]
 Even before the 1946 amendments, Section 602(h)(3) of the 1940 Act, 54 Stat. 1009, 1010, 38 U.S.C.A. § 802(h)(3), which provided for the disposition of installments unpaid to deceased beneficiaries, was interpreted as applying to those unpaid installments that had accrued, as well as to the installments not yet accrued. See, e.g., § 10:3449, 6 F.R. 1162
 
 
 [6]
 The practice is well established in the federal courts of deferring to the judgment of the Veterans Administration in matters dealing with the administration of veterans' insurance. United States v. Citizens Loan & Trust Co., 316 U.S. 209, 62 S.Ct. 1026, 86 L.Ed. 1387; United States v. Madigan, 300 U.S. 500, 75 S.Ct. 566, 81 L.Ed. 767; Horton v. United States, 5 Cir., 207 F.2d 91, certiorari denied 346 U.S. 903, 74 S.Ct. 233, 98 L.Ed. 403; Cleveland v. United States, 6 Cir., 201 F.2d 398; Jones v. United States, 8 Cir., 189 F.2d 601; United States v. Snyder, 85 U.S.App.D.C. 198, 177 F.2d 44; Hicks v. United States, 4 Cir., 65 F.2d 517; Claffy v. Forbes, 9 Cir., 280 F. 233
 
 
 [7]
 To take a common example, suppose that an insured is married and has no children, he names his wife as the principal beneficiary and his parents or brothers and sisters as contingent beneficiaries. If his wife then dies before receiving any payments, the accrued unpaid installments would, under the construction below, go to her estate and thus to her creditors and heirs, i.e., the members of the wife's family. On the other hand, under our construction, the accrued unpaid installments would go to the insured's family as the designated contingent beneficiaries. The latter result is far more in accord with the normal intent of an insured than the result under the construction below