## CARPENTER v. UNITED STATES.
### Civ. A. No. 5960.

District Court, W. D. Pennsylvania.
June 23, 1947.

Seif, Evashwick & Best, Charles Lysle Seif, Max V. Schoonmaker, and Valera Grapp, all of Pittsburgh, Pa., for plaintiff.

Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

The complainant, Edna L. Carpenter, (nee Lobach) has instituted the present action to recover the amount which she alleges to be due her under a National Service Life Insurance Certificate issued to John H. Lobach. The beneficiary under the policy was Emily V. Lobach, the adoptive mother of the insured.

John H. Lobach, a captain in the Field Artillery, died on March 28, 1945, in a prisoner of war camp in Germany from wounds received in action. When but a few days old he had been adopted by Harvey John and Emily V. Lobach by decree of the Court of Common Pleas of Montour County, Pennsylvania, dated June 11, 1913.

On December 31, 1945, Emily V. and Harvey John Lobach died, leaving only the plaintiff, who was their natural daughter and the adoptive sister of John H. Lobach, to survive them. The plaintiff has qualified as executrix of Emily V. Lobach.

After request for payment of the amount due on the insurance policy by the plaintiff, F. B. Simms, Chief of Life Insurance Claims Division, and other Government agents having charge of such claims, refused to make payment to her on the ground that as a sister of John H. Lobach by adoption she had no claim under the statute.

In so far as the plaintiff bases her claim upon her standing as administratrix of Emily V. Lobach, she has no right to recover. Section 602(j) of the National Service Life Insurance Act, 38 U.S.C.A. § 802(j), provides: "No installments of such insurance shall be paid to the heirs or legal representatives as such of the insured or of any beneficiary, and in the event that no person within the permitted class survives to receive the insurance or any part thereof no payment of the unpaid installments shall be made."

Under the National Service Life Insurance Act of 1940, 38 U.S.C.A. § 802(g), a

sister of the insured was included in the restricted class of beneficiaries. The amending act of 1942, 38 U.S.C.A. § 802(g) provided: "The insurance shall be payable only to a widow, widower, child (including a stepchild or an illegitimate child if designated as beneficiary by the insured), parent, brother or sister of the insured * *." It omitted the following: "(including person in loco parentis if designated as beneficiary by the insured) * * *".

 Under the law of Pennsylvania an adopted child has the same status as natural son or daughter of the parent. If this action were under the law of Pennsylvania no question would exist and the plaintiff would recover.

The Pennsylvania Act of June 7, 1917, as amended by Act of July 21, 1941, 20 P.S. § 102, is in part as follows: "The person adopted shall, for all purposes of inheritance and taking by devolution, be a member of the family of the adopting parent or parents. The adoptive relatives of the person adopted shall be entitled to inherit and take from and through such person, to the exclusion of his or her natural parents, grandparents, and collateral relatives; but the surviving spouse of such adopted person, and the children and descendants of such adopted person, shall have all his, her, and their respective rights under this act."

As the present controversy was first presented, Droney v. United States, 59 F.Supp. 154, and Beach v. United States,[1] decided by the Northern District of Ohio, Eastern Division, on April 5, 1946, were cited by the United States Attorney. Those cases were not very persuasive, because they passed by the definition in Sec. 601 of the Act of 1940, unrepealed at the dates of the decisions, reading as follows: "(e) the term 'child' includes an adopted child". But by Act of August 1, 1946, 38 U.S.C.A. § 801, the Congress amended Sec. 601 of the Act of 1940, to read as follows: "(f) The terms 'parent', 'father', and 'mother', include a father, mother, father through adoption, mother through adoption, persons who have stood in loco parentis to a member of the military or naval forces at any time prior to entry into active service for a period of not less than one year, and a stepparent, if designated as beneficiary by the insured."

 By the amendment omitting the provision in subsection (e) of the Act of 1940 that the term "child" shall include an adopted child, the Congress undoubtedly intended to adopt the rule of some states other than Pennsylvania that a brother or sister cannot inherit from an adopted brother or sister. So finding the Court must enter judgment for the defendant.

---

[1] No opinion for publication.