## BAUMET v. UNITED STATES et al.

United States District Court,
S. D. New York.
Dec. 31, 1948.

Samuel Segal, of New York City, for plaintiff.

Simpson Thacher & Bartlett, of New York City, (Thomas Thacher, of New York City, of counsel), for defendants John J. Peters and Julie Peters.

KAUFMAN, District Judge.

William Baumet, Jr. died on October 26, 1942, while in active military service in the armed forces of the United States. As beneficiary of the proceeds of his National Service Life Insurance policy, he had designated his uncle, John J. Peters. After Baumet's death, both the plaintiff, his natural father, and Peters, his uncle, filed claims with the Veterans Administration for the proceeds of the policy. After investigation, the Administrator determined that the uncle stood in the relation of loco

parentis to the insured., and was entitled to the fund (see National Service Life Insurance Act of 1940, § 602(g), 38 U.S.C.A. §§ 801 et seq., 802(g). Thereafter, pursuant to § 617 of the Act, the father instituted this action against the United States to recover the proceeds of the policy.

Peters, the uncle, was permitted to intervene in the action and filed a crossclaim against the United States, demanding that the proceeds of the policy be paid to him.

Thereupon, the Veterans Administration withheld payment from both claimants, and the disposition of the fund is awaiting the determination of this action.

Four years after the determination by the Administrator that Peters was entitled to the fund, but before this action had come to trial, Peters died. This motion was thereupon made by his executrix, Julie Peters, for an order substituting her as a defendant herein in his stead.

Rule 25(a) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A., providing for substitution, declares: "If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party."

■ Under this Rule, the court may order substitution of Peters' executrix only if Peters' claim to all or part of the proceeds of the policy has not been extinguished by his death. Edner v. Mathews, D.C., 44 F.Supp. 873; Kamoses v. Martin, D.C., 6 F.R.D. 585.

Under the Act, the proceeds of the policy are payable in installments. Sec. 602(h).

The executrix argues, in effect, that the finding by the Administrator that Peters was entitled to the award under the policy was a final and binding determination which vested Peters with the right to all installments which fell due prior to his death, and that his executrix is entitled to be substituted herein in order that she may recover the amount thereof.

That contention is untenable under the Act.

Section 617 of the Act provides: "In the event of a disagreement as to claim arising under this part, suit may be brought in the same manner and subject to the same conditions and limitations as are applicable to United States Government (converted) life insurance under the provisions of sections 19 and 500 of the World War Veterans' Act, 1924, as amended: Provided, That in any such suit the decision of the Administrator as to waiver or non-waiver of premiums under section 602 (n) shall be conclusive and binding on the court."

■ From this it follows that, except for the decision of the Administrator as to waiver or non-waiver of premiums under § 602(n) of the Act—a matter not here involved—the issues tendered in the action are to be resolved by judicial, and not administrative, determination.

The Act is clear and unequivocal in making the existence in being of the beneficiary at the time of payment a condition of the making of payment, irrespective of when payment fell due under the terms of the policy. Section 602(i) specifically declares that: " * * * The right of any beneficiary to payment of any installment shall be conditioned upon his or her being alive to receive such payments. No person shall have a vested right to any installment or installments of any such insurance and any installments not paid to a beneficiary during such beneficiary's lifetime shall be paid to the beneficiary or beneficiaries within the permitted class next entitled to priority * * *."

Section 602(j) directly prohibits the payment of any such installments to the estate of the beneficiary, as such. It provides that: "No installments of such insurance shall be paid to the heirs or legal representatives as such of the insured or of any beneficiary, and in the event that no person within the permitted class survives to receive the insurance or any part thereof no payment of the unpaid installments shall be made."

■ Under the provisions of these sections of the Act, no rights are conferred on a beneficiary with respect to installments which fall due, but are not paid to the beneficiary, during his lifetime, and such installments do not inure to the benefici-

ary's estate upon the latter's death. See Carpenter v. United States, D.C., 72 F. Supp. 510; Washburn v. United States, D.C., 63 F.Supp. 224, 228.

Where Congress has sought to confer legally enforceable rights to installments due, but unpaid, upon the estates of beneficiaries under government life insurance policies, it has done so in clear and unambiguous language. Thus, under the World War Veterans' Act of 1924, as amended, Section 26, 38 U.S.C.A. § 451, accrued installments of insurance unpaid at the time of the death of the beneficiary could be paid to the beneficiary's personal representatives, while the present value of all installments not yet due fell to the estate of the insured, Section 303, 38 U.S.C.A. § 514. The meaning of this specific statutory language was explained in Lopez v. United States, 4 Cir., 82 F.2d 982, where the court said: "The result of these enactments is that when a liability under a policy is established, but the insurance has not been paid prior to the death of the insured, the installments which would have accumulated from the date of the insured's permanent and total disability to the date of his death should be paid to his estate, while those which would have accumulated from his death to the date of the death of the beneficiary should be paid to the estate of the beneficiary, and the commuted value of the installments remaining should be paid to the estate of the insured." 82 F.2d at page 986.

The effect of the 1924 Act, therefore, was to provide a clear and precise statutory scheme whereby installments accrued, but unpaid, during the lifetime of the beneficiary, became part of the latter's estate. McCullough v. Smith, 293 U.S. 228, 55 S. Ct. 157, 79 L.Ed. 297; Singleton v. Cheek, 284 U.S. 493, 52 S.Ct. 257, 76 L.Ed. 419, 81 A.L.R. 923. But by subsections (i) and (j) of Section 602 of the National Service Life Insurance Act of 1940, Congress expressed a contrary intent with regard to all policies maturing before August 1, 1946. Consequently, John J. Peters' claims under the policy were extinguished by his death; his executrix has no interest in the policy, and the motion to substitute her for him must be denied.

Rule 25(a) (1) also requires that the action, with regard to the deceased Peters, be dismissed. Anderson v. Yungkau, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436.

Settle order on notice.