**BAUMET v. UNITED STATES et al.**
No. 44, Docket 21409.

United States Court of Appeals
Second Circuit.

Argued Oct. 14, 1949.

Decided Oct. 28, 1949.

Simpson, Thacher & Bartlett, New York City, Thomas Thacher, New York City, argued for the appellant.

Samuel Segal, New York City, and John F. X. McGohey, U. S. Atty., New York City, for appellee.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The district court so interpreted the statute as to reach a result which ascribes to Congress a capricious purpose. Doubtless the court arrived reluctantly at this conclusion, for such an interpretation should be rejected unless inescapable.

On this appeal, we must assume that, were plaintiff permitted to remain in this litigation, the district court would find that certain instalments came due and were payable to Peters during his lifetime. But the district court's interpretation would deny those payments to Peters' estate—and give them to the father—simply because the officer charged with paying them delayed in so doing until Peters died. This result is startling. For the delay resulted solely from the fact that the father, whom the Administrator had previously held entitled to nothing while Peters lived, began a suit to overturn that decision. Under the district court's ruling, the father wins the instalments, no matter how specious his claim, if only he can make his law-suit outlive Peters. We think that such an unreasonable result can and should be escaped.

Section 602(i)—38 U.S.C.A. § 802(i)—provides: "The right of any beneficiary to payment of any installments shall be conditioned upon his or her being alive to receive such payments." The right to payment is not conditioned upon the beneficiary's being alive when such payments happen to be made, but "upon his or her being alive to receive such payments." As Peters was alive and ready to receive the accrued instalments, the statutory condition was satisfied, and the right to those instalments became vested in him.

All the other provisions of the statute on which the district court relied must, we think, be read in the light of the language we have quoted. Those other provisions showed that Congress intended this and no more: No rights should vest in (or in behalf of) any beneficiary merely because of the maturity of the policy during the life of the designated beneficiary, except in so far as that beneficiary continued to live as instalments fell due. Congress did not specifically cover the situation present here, i. e., a delay in paying instalments that came due while the designated beneficiary still lived. But, having in mind the obvious over-all common-sensible purpose of the statute, we think that Congress intended that, in such circumstances, the right to those instalments should become irrevocably fixed in the beneficiary and should therefore pass to his estate.

Reversed.