## HARSLEY v. UNITED STATES et al.
### No. 10507.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 8, 1950.

Decided Jan. 18, 1951.

Claude L. Dawson, Washington, D. C., for appellant.

H. Clay Espey, Washington, D. C., for appellee Warner.

George Morris Fay, U.S. Atty., and Joseph M. Howard, Asst. U.S. Atty., Washington, D. C., entered appearances for appellee United States.

Before EDGERTON, PROCTOR, and BAZELON, Circuit Judges.

EDGERTON, Circuit Judge.

The United States brought this suit to determine whether appellee Bessie M. Warner, the named beneficiary, or appellant Mary J. Harsley is entitled as the "widow" of Charles Warner to the proceeds of his National Service Life Insurance policy. The statute permits payment "only to a widow" or to certain other relatives not involved here. 54 Stat. 1010, 38 U.S.C.A. § 802(g).

The insured married appellant in England in 1896 and left her in 1897. He entered the British army and she never saw him again. She had her last letter from him before January 29, 1898. Thinking him dead, in 1933 she married Robert Harsley, who died in 1942.

The insured entered the United States army in 1918 and reenlisted periodically. At a time not shown by the record he married a Jean Warner. By her he had a son who is living. She died in 1934 while the insured was stationed at Fort Meade, Maryland. In 1935 he married appellee in Baltimore, in compliance with the forms of Maryland law. For a number of years they lived as husband and wife on Army posts here and abroad. He was retired for disability in 1944 and died in New York in 1945.

▐ Appellant testified she never brought, or was served with legal papers in, a suit for divorce or annulment. But we agree with the trial court that this testimony did not require a finding that she was the widow of the insured. Few rules are better settled than that "A marriage proved to have taken place is presumed to be valid until the contrary is proved. Hence a death or divorce necessary to remove the impediment of a prior marriage is presumed * * *. While the presumption

may be rebutted, the rebutting evidence must be strong, distinct, satisfactory, and conclusive." [1]

By claiming to be the widow of the insured the appellant is claiming in effect that the marriages between the insured and Jean Warner, between the insured and the appellee, and between the appellant herself and Harsley, were bigamous, and that the son of the insured and Jean Warner is illegitimate. The principles we are enforcing avoid such results in many cases.

Affirmed.

[1]. Madden on Persons and Domestic Relations (1931) pp. 66, 69. Hatfield v. United States, 2 Cir., 1942, 127 F.2d 575; Marris v. Sockey, 10 Cir., 1948, 170 F.2d 599; Briggs v. United States, 1950, 116 Ct.Cl. 638, 90 F.Supp. 135; Ray v. Social Security Board, D.C.S.D.Ala., S.D. 1947, 73 F.Supp. 58; Schaffer v. Richardson's Estate, 125 Md. 88, 93 A. 391, L.R.A.1915E, 186; In re Dugro's Will, 261 App.Div. 236, 25 N.Y.S.2d 88.

The present case does not involve the point that if the parties got an invalid divorce that fact, together with other circumstances, may satisfactorily show that they did not get a valid one. Connelly v. Connelly, 190 Md. 79, 57 A.2d 276; United States v. Snyder, 85 U.S.App.D.C. 198, 177 F.2d 44.