**HURD et al. v. UNITED STATES.**

Civ. A. No. 2482.

United States District Court
W. D. Wisconsin.

Nov. 11, 1953.

Callahan & Arnold, Columbus, Wis., for plaintiffs.

Frank L. Nikolay, U. S. Atty. for Western Dist. of Wisconsin, Madison, Wis., for defendant.

STONE, District Judge.

This is an action to recover the proceeds of a National Service Life Insurance contract in which Fred W. Hurd was named as a beneficiary. The defendant admits the death of the insured and that the policy was in force on the date of his death. It appears without dispute that Fred W. Hurd, the designated beneficiary, died on December 21, 1945, after the death of the insured but before any part of the proceeds of the policy was paid to him, and that no parent, or person standing in loco parentis, widow, child, brother or sister of the soldier, survived said insured.

The pertinent provisions of the National Service Life Insurance Act, as amended, are Title 38 U.S.C.A. § 802(i) and (j), which provide that:

"No person shall have a vested right to any installment * * * and any installments not paid to a beneficiary during such beneficiary's lifetime shall be paid to the beneficiary or beneficiaries within the permitted class next entitled to priority * * *." Title 38 U.S.C.A. § 802(i).

"No installments of such insurance shall be paid to the heirs or legal representatives as such of the insured or of any beneficiary, and in the event that no person within the permitted class survives to receive

the insurance or any part thereof no payment of the unpaid installments shall be made. * * *" Title 38 U.S.C.A. § 802(j).

Title 38 U.S.C.A. § 802(g) provides that:

"The insurance shall be payable only to a widow, widower, child * * *, parent * * *, brother or sister of the insured. The insured shall have the right to designate the beneficiary or beneficiaries of the insurance, but only within the classes herein provided, * * *." Title 38 U.S.C.A. § 802(g).

In United States v. Henning, 344 U.S. 66, 73 S.Ct. 114, 118, the court, after reviewing the history of the legislation relating to war risk insurance, said:

"Section 602 of the N. S. L. I. Act of 1940, governing the distribution of the policy proceeds here in controversy, must take meaning from its historical setting. Cf. United States v. Zazove, 1948, 334 U.S. 602, 68 S.Ct. 1284, 92 L.Ed. 1601. Subsection (i) conditions the right of a beneficiary to the payment of any installments 'upon his or her being alive to receive such payments'; it adds that 'no person shall have a vested right to any installment * * * and any installments not paid to a beneficiary during such beneficiary's lifetime shall be paid to the beneficiary or beneficiaries within the permitted class next entitled to priority * * *.' And subsection (j), so as to disclaim any possible analogy to prior peacetime legislation which at one time had been construed to confer such rights, emphasizes that 'no installments of such insurance shall be paid to the heirs or legal representatives as such of the insured or of any beneficiary.' On the contrary, the subsection directs 'in the event that no person within the permitted class survives to receive the insurance or any part thereof no payment of the unpaid installments shall be made.'"

\* \* \* \* \* \*

"The conclusion is irresistible that when in 1940 the law conditioned payments on the beneficiary's *being alive to receive* them, Congress said what it meant and meant what it said. Were more needed, the consistent course of administrative practice under the Acts of 1917 and 1940 applied the statutes to bar payments to deceased beneficiaries' estates; that factor, too, must be accorded weight. United States v. Zazove, supra; United States v. Citizens Loan & Trust Co., 1942, 316 U.S. 209, 62 S.Ct. 1026, 86 L.Ed. 1387; United States v. Madigan, 1937, 300 U.S. 500, 57 S.Ct. 566, 81 L.Ed. 767. We are not unmindful of the fact that unanticipated delay in the payment of policy proceeds may withhold from a beneficiary the funds that Congress intended him to get; seven years and three deaths have not yet brought this litigation to an end. But we cannot apportion the blame for this cruel delay. And we may surely not speculate that the officials entrusted with the administration of the Act would attempt to enrich other beneficiaries or the treasury itself by a sardonic waiting game." United States v. Henning, 344 U.S. 66, 72, 73, 75, 73 S.Ct. 114.

In Baumet v. United States, 344 U.S. 82, 73 S.Ct. 122, the ruling in the Henning case was followed. The court said:

"For the reasons detailed in United States v. Henning, supra, we hold that estates of deceased beneficiaries may not take proceeds under the Act." Baumet v. United States, 344 U.S. 82, 83, 73 S.Ct. 122, 124.

In view of the foregoing, the court finds that the unpaid installments involved in this action are not payable to the estate of the designated beneficiaries, and defendant's motion to dismiss the complaint herein is granted, without costs.

Defendant's counsel may submit an order of dismissal.