**Nellie B. Terrell WHEELER,**
**Appellant,**

v.

**Lucille Simmons TERRELL,**
**Appellee.**

**No. 13143.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 3, 1956.

Decided Oct. 18, 1956.

Mrs. A. Lillian C. Kennedy, Washington, D. C., with whom Mr. Eugene A. Chase, Washington, D. C., was on the brief, for appellant.

Mr. Denis K. Lane, Washington, D. C., for appellee.

Before WILBUR K. MILLER, FAHY and DANAHER, Circuit Judges.

FAHY, Circuit Judge.

The question on appeal is whether we should disturb the decision of the District Court, Judge Matthew F. McGuire sitting, that Lucille Simmons Terrell, the appellee, and not Nellie B. Terrell Wheeler, the appellant, was the lawful widow of Burnett Terrell. Terrell died in active military service November 8, 1944. His widow was entitled to the proceeds of at least one of two National Service Life Insurance policies. In the policies he had named Lucille as wife and principal beneficiary.

The evidence seems to show clearly enough that Nellie married the deceased in Georgia on March 24, 1931, and that of this marriage two children were born. It also appears, however, that in August, 1940, Nellie went through a marriage ceremony with Wheeler and lived with him as though his wife but without having obtained a divorce from Terrell. It also appears that the latter married appellee Lucille in 1942.

■ Georgia statutes provide that where there is more than one marriage the law presumes the last one to be valid, with the burden upon one who attacks it to overcome this presumption by proving its invalidity. And in Harsley v. United States, 88 U.S.App. D.C. 150, 187 F.2d 213, 214, we said:

" * * * Few rules are better settled than that 'A marriage proved to have taken place is presumed to be valid until the contrary is proved. Hence a death or divorce necessary

to remove the impediment of a prior marriage is presumed * * *. While the presumption may be rebutted, the rebutting evidence must be strong, distinct, satisfactory, and conclusive.' "

 Appellant introduced some evidence to the effect that a search of certain records failed to disclose that Terrell had obtained a divorce from her and contended, therefore, that she was his lawful widow. But this evidence, and her testimony that she had not divorced him, were not so satisfactory or convincing as to warrant us in holding to be erroneous the finding of the District Court that appellee was the lawful widow of the insured Terrell.

Affirmed.