**Joann MAYO, Appellant,**

v.

**Raymond FORD, Appellee**

No. 3001.

Municipal Court of Appeals for the District of Columbia.

Argued June 4, 1962.

Decided Sept. 6, 1962.

John W. Karr, Washington, D. C., for appellant.

Stanley M. Dietz, Washington, D. C., entered an appearance for appellee but filed no brief.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellant, seeking an annulment, alleged that at the time of her marriage to appellee he was already married to one Daisy Regina Cheney; that this marriage had not been terminated by death or divorce; and that appellee had fraudulently concealed these facts from appellant. From the trial court's dismissal of the action, this appeal is taken.

The parties were married in a Roman Catholic ceremony May 21, 1960. As a result of a telephone call to appellant from the priest who had officiated at the ceremony, the couple upon returning from their wedding trip conferred with him at the church. The priest confronted appellee with information of his previous undissolved marriage, and demanded that he either admit or deny the charge. Appellee refused to respond to the accusation, and refused on subsequent occasions to answer when confronted with the same charge by appellant. In June 1960 appellant ceased to cohabit with appellee.

In his answer to the complaint, appellee refused to admit or deny the allegations. He was then served with requests for admissions under Federal Rule of Civil Procedure 36, 28 U.S.C.A.[1] seeking his admission that he was married to Daisy Regina Cheney two years before his marriage to appellant; that to his personal knowledge his first wife was still living; that the marriage had not been dissolved by divorce or annulment and that he had received no

---

1. The statute establishing the Domestic Relations Branch of the Municipal Court provides that, except as specifically provided by the rules of that Branch, the Federal Rules of Civil Procedure are applicable. Code 1961, § 11–766.

notice that such proceedings had been instituted by his first wife; and that he was in fact still married to her at the time of his purported marriage to appellant. Appellee refused to respond to the requested admissions on the ground that his answers might tend to incriminate him. Appellant then sought to use appellee's silence in the face of the priest's accusations, and appellee's refusal to answer the request for admissions, as evidence establishing the existence of a prior undissolved marriage. The trial judge held that the privilege against self-incrimination had been properly invoked and dismissed the action on the ground that appellant had failed to sustain her burden of proof.

In connection with appellee's failure to answer to the accusations of the priest and appellant, the latter states the rule to be that

"If a statement is made by another person in the presence of a party to the action, containing assertions of fact which, if untrue, the party would under all the circumstances naturally be expected to deny, his failure to speak is circumstantial evidence that he believes the statements to be true and his conduct is thus receivable against him as an admission of such belief." [2]

To be confronted by a cleric with facts tending to establish bigamy could be expected to result in a heated denial if there were no basis to the charge. But even if silence is accorded substantial weight as evidence of the truth of the charge, it is not conclusive; it is circumstantial evidence only.

■ The trial court properly permitted the defendant to invoke the Fifth Amendment privilege against self-incrimination in support of his refusal to respond to the request for admissions. Rule 36 permits

the interposition of an objection based on privilege to avoid the principle that matters not expressly admitted or denied are deemed admitted. "A party in answering a request for admission of facts under this rule is entitled to the same constitutional protection as if called as a·witness, and may refuse to admit incriminating facts * * *." Barron & Holtzoff, Federal Practice and Procedure § 834. Although appellee at the time he was served with·the requests for admissions was not under indictment or faced with a criminal charge, he could reasonably apprehend that the information gained from his admissions might furnish the basis for such a ·charge.[3] As it was proper to invoke the privilege, so would it have been improper to draw an inference of guilt therefrom.[4] The Fifth Amendment protection against forced self-incrimination would be meaningless and hollow if the objective sought through the asking of the question could be achieved as well by a refusal to answer as by the answer itself. Under these circumstances, appellee's refusal to respond to the request for admissions could not be considered evidence of the truth of the ·matters stated therein.

Summing up appellant's case, it consisted of the inferences she proposed to glean from appellee's failure to respond to the priest's accusations and to the request for admissions, her own uncorroborated account of the parties' conference with the priest, testimony from her mother that the parties had not cohabited since June 1960, and the introduction in evidence of two marriages certificates. The first of these, dated May 17, 1958, showed appellee's marriage to Daisy Regina Cheney, and the second showed his marriage to appellant. The two persons, aside from the appellee, who could have shed light on whether the first marriage certificates. The first of these, as witnesses. Appellant's counsel represented to the court that, despite diligent efforts,

---

2. McCormick, Evidence § 247.

3. See Federal Deposit Insurance Corp. v. Logsdon, D.C.W.D.Ky., 18 F.R.D. 57.

4. See Slochower v. Board of Higher Ed. of City of N. Y., 350 U.S. 551, 557, 76 S.Ct. 637, 100 L.Ed. 692.

Daisy Regina. Cheney Ford could not be found; and that the priest had been denied permission to testify.

■ In meeting her burden of proof appellant has the benefit of the presumption that a ceremonial marriage valid in its inception continues undissolved. But she is faced with one of the strongest presumptions known to the law:[5] the presumption favoring the validity of the last marriage. The latter presumption is more than a mechanical aid useful in reaching a decision; it is among those presumptions which "represent a strong social policy in favor of reaching a particular result in the close or doubtful cases." Headen v. Pope & Talbot, Inc., 3 Cir., 252 F.2d 739, 742. The presumption, it has been said, is grounded in the presumption of innocence of the crime of bigamy, on the presumption of the regularity of the acts of licensing and officiating officers, and in the strong public policy of fostering respectability and protecting offspring from the taint of illegit-

imacy. In re Estate of Adams, 362 Mich. 624, 107 N.W.2d 764. In the clash of these conflicting presumptions, the one favoring the continuance of a valid ceremonial marriage, the other favoring the validity of the last marriage, it is generally held that the first must give way to the second.[6] The presumption favoring the last marriage, while not conclusive, can only be rebutted by "strong, distinct, satisfactory, and conclusive" evidence. Harsley v. United States, 88 U.S.App.D.C. 150, 187 F.2d 213. It cannot be rebutted through a delicate balancing of equally plausible inferences.

■ A decision annulling the marriage on the strength of the evidence offered by appellant would have required just such a delicate balancing of inferences. Her evidence was not so "strong, distinct, satisfactory and conclusive" as to require a finding that the presumption of the validity of the second marriage had been overcome.

Affirmed.

5. Quinn v. Miles, Fla.App., 124 So.2d 883; Harper v. Dupree, 185 Kan. 483, 345 P. 2d 644; Boudreaux v. Taylor, Tex.Civ. App., 353 S.W.2d 901.

6. See, e. g., Di Giovanni v. Di Giovannantonio, 98 U.S.App.D.C. 147, 233 F.2d 26; Headen v. Pope & Talbot, Inc., 3 Cir., 252 F.2d 739; Tatum v. Tatum, 9 Cir., 241 F.2d 401; United States v. Marlow, 5 Cir., 235 F.2d 366; Annotation, 14 A.L.R.2d 7.