Joann MAYO, Appellant,

v.

Raymond FORD, Appellee.

No. 3212.

District of Columbia Court of Appeals.

Submitted April 15, 1963.

Decided June 5, 1963.

John W. Karr, Washington, D. C., for appellant.

Stanley M. Dietz, Washington, D. C., entered an appearance for appellee but filed no brief.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellant brought an action for annulment of her marriage to appellant, alleging that at the time of the marriage appellee was already married and that his prior marriage had not been dissolved by either death or divorce. When the action was tried appellant proved her marriage to appellee and his prior marriage, but she was not able to prove that the first marriage had not been legally terminated. The husband refused to testify or make any admissions regarding the first marriage, and the wife of the first marriage could not be located. The trial court denied the annulment, and on appeal we affirmed, holding that the presumption of the validity of the second marriage had not been overcome by competent evidence. D.C.Mun.App., 184 A.2d 38.

Our opinion was issued on September 6, 1962. On September 26, 1962, appellant filed a motion in the trial court, asking that the judgment dismissing her action be vacated and a new trial ordered. As grounds for the motion appellant alleged that, as a result of newspaper publicity given our opinion, appellant had received a telephone call from appellee's first wife who stated that her marriage to appellee had never been dissolved. It was further alleged that the first wife had conferred

with appellant's counsel, had confirmed her previous statement and was willing to testify to that effect.

The trial court denied the motion, ruling that a motion under its Rule 60(b) based upon newly discovered evidence had to be filed within three months from the date of the judgment, and further ruling that the motion showed discovery of a new witness and not new evidence. We need not discuss the merits of this ruling, for it appears to us that appellant was clearly entitled to relief under the trial court's Rule 60(b) (6), which provides for relief from a judgment for "any other reason justifying relief * * *."

Appellant had made diligent effort to find the first wife prior to trial but had not been successful, and as a result could not establish her right to an annulment. When by chance the missing and vital witness was discovered, appellant should have been allowed to reopen her case. Public policy favors the annulment of a bigamous marriage.

Reversed with instructions to vacate the order of dismissal and to grant a new trial.