Ernest Ray BRINSON and Laura Brinson Morris, Plaintiffs,

v.

METROPOLITAN LIFE INSURANCE COMPANY, Defendant,

v.

Clara BRINSON, also known as Clara Landers, Third-Party Defendant.

Civ. A. No. 558.

United States District Court
E. D. North Carolina,
New Bern Division.

Dec. 16, 1963.

Bernard B. Hollowell, Bayboro, N. C., Raymond E. Dunn, New Bern, N. C., for plaintiffs, Ernest Ray Brinson and Laura Brinson Morris.

Ward & Tucker, J. E. Tucker, New Bern, N. C., for defendant, Metropolitan Life Ins. Co.

Sacks, Sacks & Kendall, Norfolk, Va., for Clara Brinson, aka Clara Landers, third-party defendant.

STERLING HUTCHESON, District Judge.

No. 558

This action was brought by the two surviving children of Ernest Brinson, deceased, who at the time of his death was the holder of an insurance policy, issued by the defendant, Metropolitan Life Insurance Company, under the pro-

visions of what is known as the Federal Employees' Group Life Insurance Act of 1954. The third party defendant claims the proceeds of the policy as the surviving widow of Ernest Brinson.

Metropolitan has deposited in the registry of this court the proceeds of the policy with interest due thereon.

Both the plaintiffs Ernest Ray Brinson and Laura Brinson Morris and the third party defendant here referred to as Clara Brinson Landers have filed motions for summary judgment under the provisions of Rule 56 of the Federal Rule of Civil Procedure. The facts have been stipulated.

## FINDINGS OF FACT

1. Ernest Brinson and Clara Gaskill were legally married in Pamlico County, North Carolina, on the 3rd of June, 1934.

2. The plaintiffs are the surviving children of the marriage between Ernest Brinson and Clara Gaskill.

3. On the 26th of February, 1945 a divorce decree *a mensa et thoro* was entered by the Circuit Court of Norfolk County, Virginia in favor of Ernest Brinson against Clara Brinson with custody of the then infant children, the plaintiffs here, awarded Ernest Brinson. The basis of that decree was an allegation that the defendant, Clara Brinson, had deserted her husband on October 6, 1944.

4. There was no final decree *a vinculo* in that proceeding.

5. On 27th of September, 1947 an application for a marriage license was made by Clara Brinson and Paul Willis Landers to the Clerk of the Corporation Court of Norfolk, Virginia, which license was issued. On the 3rd of October, 1947, a marriage ceremony was performed pursuant to the license.

6. On the 7th of June, 1961 Ernest Brinson departed this life in Pamlico County, North Carolina at which time there was in force Metropolitan Life Insurance policy #17000–G, providing insurance coverage in the amount of $7,000 on his life. Under the terms of the policy, there was no named beneficiary.

## CONCLUSIONS OF LAW

1. The statute fixing the order of payment for death claims in this case is Title 5 U.S.C.A. § 2093.

Under that statute the order of precedence is: First, to the beneficiary or beneficiaries the insured employee may have designated by a writing received in the employing office prior to death; second, if there be no such beneficiary, to the widow or widower of such insured employee; if none of the above, to the child or children of such employee and descendants of deceased children by representation.

2. Congress has not defined the term "widow" but there can be little doubt that it means the female consort who occupied the position of the legal wife of the deceased husband at the time of his death and as such entitled to share in the distribution of his estate under the applicable laws. There is a strong presumption of the legality and continuation of a marriage once entered into between competent parties. One impelling reason for such presumption involves the legitimacy of children born of the marriage. With that reason we are not here concerned.

It is also a well recognized rule of the law that in Virginia a divorce *a mensa et thoro* does not terminate the marriage.

3. Involved is the question of what law determines the status of the parties.

Since Congress has not provided the answer, it would seem that the law of the state fixes their rights. Tatum v. Tatum, 241 F.2d 401 (CCA 9); United States v. Snyder, 85 U.S.App.D.C. 198, 177 F.2d 44.

The parties were married and divorced in Virginia and Ernest Brinson died in North Carolina, therefore it is to the laws of those states we must turn to determine the rights of Clara Brinson Landers.

While no case has been cited from either jurisdiction directly in point, the

statute laws of both states clearly determines the position of Clara Brinson Landers in this controversy and it becomes unnecessary to decide between the two.

The Code of Virginia, Chapter 64, Section 35 is as follows:

"If a wife wilfully deserts or abandons her husband and such desertion or abandonment continues until his death, she shall be barred of all interest in his estate as tenant by dower, distributee or otherwise."

North Carolina General Statutes, Chapter 52, Section 20, equally inclusive, is more comprehensive in terms. It is there provided:

"If a married woman elopes with an adulterer, or willfully and without just cause abandons her husband and refuses to live with him, and is not living with her husband at his death, or if a divorce from bed and board is granted on the application of the husband, she shall thereby lose all right to dower in the lands and tenements of her husband, and also all right to a year's provision, and to a distributive share from the personal property of her husband, and all right to administration on his estate, and also all right and estate in the property of her husband, settled upon her upon the sole consideration of the marriage, before or after marriage; and such elopement may be pleaded in bar of any action, or proceeding, for the recovery of such rights and estates; and in case of such elopement, abandonment, or divorce, the husband may sell and convey his real estate as if he were unmarried, and the wife shall thereafter be barred of all claim and right of dower therein."

In view of the foregoing statutory provisions I find it unnecessary to discuss further judicial pronouncements but conclude that for the purpose of this case Clara Brinson Landers may not be considered the widow of Ernest Brinson.

Because of the close similarity of facts, reference is made to Harsley v. United States, 88 U.S.App.D.C. 150, 187 F.2d 213, and Brantley v. Skeens, 105 U.S. App.D.C. 246, 266 F.2d 447, both from the Court of Appeals of the District of Columbia.

Also see Parker v. American Lumber Corporation, 190 Va. 181, 56 S.E.2d 214 and Baumet v. United States, 344 U.S. 82, 73 S.Ct. 122, 97 L.Ed. 111.

It follows that the motion for summary judgment filed by Ernest Ray Brinson and Laura Brinson Morris should be granted; and the motion for summary judgment filed by Clara Brinson Landers should be denied.

It is so ordered.