Gertrude M. GORDON, Petitioner,

v.

RAILROAD RETIREMENT
BOARD, Respondent.

No. 82–1225.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 19, 1982.

Decided Jan. 7, 1983.

As Amended Jan. 12, 1983.

Michael R. Schuster, Washington, D.C. with whom Daniel R. Ohlbaum, Washington, D.C., was on the brief, for petitioner.

Michael Charles Litt, Gen. Atty., Railroad Retirement Bd., Chicago, Ill., with whom Dale G. Zimmerman, Gen. Counsel, and Edward S. Hintzke, Asst. Gen. Counsel, Railroad Retirement Bd., Chicago, Ill., were on the brief, for respondent.

Before MacKINNON and EDWARDS, Circuit Judges and LUTHER M. SWYGERT,* Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit.

Opinion PER CURIAM.

PER CURIAM:

By its decision in Docket No. 1813, the Railroad Retirement Board determined that Gertrude Gordon was not the legal widow of Samuel D. Gordon, the insured employee, and was, therefore, not entitled to widow's annuity benefits as authorized by Section 2(d)(1)(i) of the Railroad Retirement Act. 45 U.S.C. § 231a(d). The Board found that Hattie M. Gordon was the legal widow and awarded the benefits to her.

The actual evidence before the Board is not in dispute, although the weight and legal significance of this evidence are vigorously contested. The relevant facts are as follows. Petitioner Gertrude Gordon married Samuel D. Gordon, by ceremony on February 16, 1952 in Prince George's County, Maryland. Gertrude and Samuel lived together for thirteen years, until Samuel's death in 1965. A child, Hortense, was born to the couple in 1952. Gertrude testified that she had no knowledge, at any time, of any previous marriage by Samuel, except for his first which ended in 1941 with the death of his wife.

Hattie Morris Gordon presented documentary proof that on June 26, 1943, two individuals bearing the same names as the applicant and deceased entered into a ceremonial marriage. Although the names on the documents correspond to the parties at issue, a discrepancy exists between the ages of the signatories to the certificate and the age (in 1943) of the Hattie and Samuel at issue herein. Hattie M. Gordon also asserts that she lived with Samuel in Knoxville, Tennessee from the time of their marriage in 1943 until 1952 when, she says, he moved

* Sitting by designation pursuant to 28 U.S.  § 291(a).

to Washington, D.C. However, documentary and testimonial evidence reveals that Samuel Gordon lived in Washington, D.C. as early as 1944; and that he continued to reside in that city, periodically, until his marriage to Gertrude in 1952. Finally, Hattie M. Gordon asserts that she never obtained a divorce from Samuel and that she has no knowledge that he ever obtained one. A less than thorough search of the records of several jurisdictions, conducted by the Board, failed to produce any record of divorce.

To determine who is a "widow" within the meaning of the statute, Section 4 of the Railroad Retirement Act[1] directs that the law of the place of domicile at the time of death controls. In this case, the laws and jurisprudence of the District of Columbia control.

The District of Columbia courts have consistently recognized a *strong* presumption that the most recent marriage is valid. "While the presumption is not conclusive, it is one of the strongest in the law, and it is settled that the party attacking the second marriage has the burden of rebutting the presumption by strong, distinct, satisfactory, and conclusive evidence." *Johnson v. Young,* 372 A.2d 992, 994 (D.C.App.1977). This presumption is so strong that the District of Columbia courts have stated that in a "clash" between "the [presumption] favoring the continuance of a valid ceremonial marriage [and] the other favoring the validity of the last marriage, it is generally held that the first must give way to the second." *Mayo v. Ford,* 184 A.2d 38, 41 (D.C.App.1962).

Although the Board stated that it recognized and applied the aforediscussed presumption, it found that the presumption had been overcome. Specifically, the Board found that in 1943 a valid, ceremonial marriage occurred between the two individuals at issue, Hattie Morris and Samuel D. Gordon. Because no record of divorce or annulment was produced, the Board concluded that the valid marriage was never terminated. The Board found these facts sufficient to overcome the presumption of validity accorded the later marriage between Gertrude and Samuel Gordon. The Board acknowledged that conflicting evidence existed, but found "explanations" for these conflicts.

The Board erred by incorrectly applying the proper legal standard to the facts before it. Controlling law in the District of Columbia requires that the adversary prove by "strong, distinct, satisfactory, and conclusive evidence" that the most recent marriage is not valid. Such unequivocal evidence is required to overcome the strong presumption of validity accorded the most recent marriage. Where the evidence of rebuttal is contradictory, it does not overcome the presumption. *Johnson v. Young, supra,* at 994. The presumption "cannot be rebutted through a delicate balancing of equally plausible inferences." *Mayo v. Ford, supra,* at 41.

The presumed validity of the marriage between Gertrude Gordon and Samuel D. Gordon was not overcome by the conflicting evidence in support of the claim that an earlier undissolved marriage between Samuel and Hattie Morris remained valid. It was incumbent upon the party attacking the later marriage to prove its invalidity. No competent, reliable proof of the invalidity of the later marriage was produced by the Board or by Hattie Gordon. Due to this lack of proof, the later marriage prevails as valid.

The decision of the Board is reversed. Gertrude Gordon is declared the legal widow of Samuel D. Gordon and is, therefore, entitled to the widow's annuity benefits at issue.

---

1. Section 4 of the Act directs that the provisions of Section 216(h)(1)(A) of the Social Security Act control. Section 216(h)(1)(A) provides that:

> An applicant is the ... widow of [an] ... insured individual for purposes of this sub-
>
> chapter ... if the courts of the State in which he was domiciled at the time of death ... would find that such applicant and such insured individual were validly married ... at the time he died.

42 U.S.C. § 416(h)(1)(A).