[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes to this court on an amended complaint dated August 19, 1991 where the plaintiff requests visitation with the minor child Edward Hamele. In a child custody case the court is to be guided by the provisions of 46b-56 which provides in sub paragraph b that the court "shall be guided by the best interests of the child, giving consideration to the wishes of the child if he is of sufficient age and capable of forming an intelligent preference". The same standard is provided for in 46b-59.
In this case the child Edward testified. He is a bright intelligent young man of age 15 who said he did not wish to visit with his father.
The family relation officer who testified recommended that the father not have visitation. The family relation report introduced into evidence as Exhibit 1 is a carefully constructed comprehensive report. The report which was completed in March 1991 shows that Edward was having problems CT Page 10901 in school and was in a special program at Fairfield High School which was a special education program for students with social and emotional maladjustments. School reports show that he was consistently described as a very bright energetic youngster who achieves well below his capability. When he testified in the court on December 27 he was doing much better in school. The opinion of this court is that he did not close the door to visitation with his father permanently but clearly at this point he does not wish visitation. The mother does not desire that he visit with the father.
The father saw his son eight years ago at New Hampshire State Prison. He had not seen him for eight years prior to the court hearing on the 27th. He is presently incarcerated at the Webster Correctional Center. He is serving a twenty year sentence for burglary, robbery, and sexual assault committed in approximately 1977. His sentence was sixteen to forty years. He is eligible for parole in 1992. The court finds that the only one best served by visitation would be the father. Perhaps after he has been released on parole and has a job and can offer visitation in appropriate settings things might be different.
In any event it is clear that is the plaintiff's burden of proof to show that the visitation is in the best interest of the child. Temple v. Meyer, 208 Conn. 404. The court had the opportunity to listen to the witnesses to observe their demeanor and attitude and is guided by the best interest of the child.
The court has reviewed the plaintiff's authorities and finds them not to be persuasive. In fact the 344 U.S. 82 case which is Baumet v. United States (1952) says at page 84 and following, "that . . . (the father) long before his son's death had abandoned his son and ceased to be a parent in truth and fact. He may not now retrieve the discarded parental robe to lay claim to the policy proceeds". The plaintiff in this case has long ago discarded parental robes by his voluntary criminal conduct and imprisonment. Someday those robes maybe retrieved but not today!
After considering all of the evidence and the reasonable inferences there from, the court determines that it is in the best interest of Edward that he not be compelled to visit with his father at this time. The plaintiff has failed to sustain his burden of proof on the complaint and the request for visitation is denied.
EDWARD R. KARAZIN, JR., JUDGE. CT Page 10902